Galen Douglas HUNT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00361–CR.

Court of Appeals of Texas, Dallas.

March 18, 1982.

Chas. Warren Van Cleve, Dallas, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

This is an appeal from a conviction for murder. Punishment was assessed at life imprisonment. Because we agree that appellant's two confessions were obtained in violation of his constitutional rights, we reverse.

Appellant and two companions were arrested on August 14, 1979 in Tonopah, Nevada for a murder in Dallas. Members of the Dallas police force flew to Nevada and transported the three suspects to Las Vegas, Nevada, on August 15. In both Tonopah and Las Vegas appellant was given *Miranda* warnings but no interrogation took place until appellant and the officers reached Las Vegas. During questioning there, appellant stated that he did not want an out-of-state attorney; that he wanted to wait until he got back to Dallas and get a court appointed attorney. This request was repeated several times. Interrogations by the Dallas officers continued in Las Vegas

on August 16 and 17. Around midnight on August 17, the suspects and the police officers flew back to Dallas, arriving at 5:30 or 6:00 a. m. Appellant was taken by two officers directly from the airport on a two hour drive around the Dallas area in an attempt to locate the body of the deceased. Interrogation continued during this time. At 8:00 a. m. the three reached the police station. Appellant was placed in an interview room where interrogation continued until 1:00 p.m., when the first statement was signed. At 3:00 p. m. appellant signed a second statement. These were admitted at trial.

In a pretrial *Jackson v. Denno* hearing, Officer Landers testified that in Nevada appellant made the statement several times that he wanted to wait until he got to Dallas and get a court appointed attorney, although he did not recall if this statement was repeated after he and appellant arrived in Dallas. He further testified that appellant was "cooperative" during questioning. Appellant testified that he repeatedly asked for an attorney both in Las Vegas and after arrival in Dallas. No attorney was provided until after appellant signed the two confessions. We hold that the police-initiated interrogation after appellant expressed a desire for counsel violated appellant's Fifth and Fourteenth amendment rights and rendered the confessions inadmissible.

In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) the Supreme Court held that "an accused, ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." 101 S.Ct. at 1885. The Court held that use of confessions obtained in this manner violates the Fifth and Fourteenth amendments of the Constitution. The State argues, however, that when appellant was given *Miranda* warnings and subsequently cooperated with police by attempting to locate the body of the deceased and giving two statements,

appellant waived his earlier request for an attorney. We do not agree. In *Edwards*, the defendant was given *Miranda* warnings and he stated that he understood his rights and was willing to submit to questioning. After being told that another suspect had implicated him in the crime, Edwards gave an alibi, then sought to "make a deal." The interrogating officer told Edwards that he did not have authority to negotiate a deal and gave Edwards the phone number of an attorney. After calling the attorney, Edwards said "I want an attorney before making a deal." The interrogation ceased. The next morning, two officers met with Edwards and again gave him the *Miranda* warnings. Edwards listened to a taped statement made by an accomplice implicating him in the crime, then confessed.[1] If the State's position in the present case, that *Miranda* warnings and a subsequent confession waive an earlier request for an attorney, were correct, the conviction in *Edwards* would not have been overturned. Instead, the Supreme Court made it clear that only if the defendant initiates subsequent conversation does the question of waiver arise. 101 S.Ct. at 1884, 1885 & n.9. Because the record in the present case shows that at all times appellant merely submitted to police-initiated interrogation and did not himself initiate conversations about the murder with the police, the confessions were inadmissible under *Edwards.*

The State next argues that even if a request for an attorney precludes further police-initiated interrogation until an attorney is present, appellant's confessions were admissible because he did not clearly request that an attorney be present *during questioning.* We do not agree. The police officer testified that appellant, while in Las Vegas, stated he did not want an out-of-state attorney; that he wanted to wait until he got back to Dallas and get a court appointed attorney. In *Edwards*, the defendant stated that he wanted an attorney before "making a deal." We agree that in neither instance did the suspect specifically ask that an attorney be present during questioning; however, the Supreme Court impliedly found that the statement made in *Edwards* was sufficient to invoke the defendant's right to be free from further police-initiated questioning. *See also Ochoa v. State*, 573 S.W.2d 796, 800 (Tex.Cr.App. 1978). Appellant's request was equally sufficient. To hold otherwise, and require a defendant to specifically request that an attorney be made available *during questioning*, would protect the knowledgeable accused while penalizing an accused who knows no more than to say he wants an attorney. *See Chaney v. Wainwright*, 561 F.2d 1129, 1134 (5th Cir. 1977) (Goldberg, J., dissenting).

The State next argues that even if *Edwards* precludes admission of statements made during police-initiated interrogation after a defendant has requested an attorney, the rule should not be applied in this case because appellant's arrest and conviction occurred before *Edwards* was decided. According to the State, *Edwards* announced a new rule of law which should not be applied retroactively.[2] We do not agree that *Edwards* announced a new rule of law. In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court stated that once the right to counsel is asserted by an accused, "the interrogation must cease until an attorney is present." *Id.* 384 U.S. at 474, 86 S.Ct. at 1628. In *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), the court referred to *Miranda's* "rigid rule that an accused's request for an attorney is *per se* an invocation of his Fifth Amendment rights, requiring that all interrogation cease." *Id.* 442 U.S. at 719, 99 S.Ct. at 720. *See also Rhode Island v. Innis*, 446 U.S. 291, 298, 100 S.Ct. 1682, 1688, 64 L.Ed.2d 297 (1980); *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). It is clear

---

1. These facts are taken from *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 1881 1882, 68 L.Ed.2d 378, 382 383 (1981).

2. The test for deciding when a rule should be applied retroactively is set forth in *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969).

that as early as 1966, when *Miranda* was decided, the rule was, and continues to be, that a request for an attorney requires cessation of interrogation until an attorney is present. Appellant was protected by this rule at the time of his arrest in 1979.

 Although appellant's conviction is reversed on the ground that the confessions obtained by the State were inadmissible, we must address another ground of error raised by appellant which might arise on retrial. Appellant asserts that he was denied his right to a speedy trial under Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1982). The record reflects that appellant was arrested on August 14, 1979 and indicted on September 26, 1979. The State announced that it was ready for trial on October 12, 1979. Appellant was reindicted on May 28, 1980 and tried on June 16, 1980. Appellant made no attempt to rebut the presumption of readiness created by the State's announcement of ready. Error, if any, was waived. *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979).

Reversed and remanded.