**Bobby Hale MILLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00931–CR.**

Court of Appeals of Texas, Dallas.

July 8, 1985.

Rehearing Denied Aug. 1, 1985.

---

**1.** Thus, the *Morris* court makes clear that actions *in personam* involve questions of personal liability only.

Paul W. Leech, Dallas, for appellant.

Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, WHITHAM and McCLUNG, JJ.

AKIN, Justice.

Bobby Hale Mills was convicted of driving while intoxicated. Appellant contends that the trial court erred in permitting the jury to hear the audio portion and to view the video portion of videotaped statements made after his arrest, that the trial court erred in admitting into evidence the statements contained in the videotape, and that the trial court erred in admitting the videotape into evidence because it failed to com-

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

ply with Article 38.22 of the Code of Criminal Procedure. We agree with appellant's contention that it was error for the trial court to permit the jury to hear the audio portion of the videotaped statements because the State violated appellant's constitutional right to terminate the interview. Consequently, we reverse the judgment of the trial court and remand the cause for a new trial.

At 10:45 p.m. on February 28, 1984, appellant was seen by Dallas Police Officer Raymond Ysasaga driving his vehicle at a high rate of speed. Officer Ysasaga stopped appellant's vehicle, asked appellant to exit the vehicle and observed that appellant had difficulty walking, had bloodshot eyes, had slurred speech, and had a strong smell of alcohol on his breath. Appellant was arrested for driving while intoxicated and taken to Lew Sterrett Justice Center. After his arrest, appellant was taken to the room set aside for videotaping interviews with persons suspected of being intoxicated, given his Miranda[1] warnings, and informed that a videotape recording was being made of his conversations with the officers. Although appellant told the officers that he wished to terminate the interview, the officers did not turn off the video recorder, including audio reproduction, nor did they take him to his cell. Instead, they continued to talk to appellant and videotaped and recorded their oral questions and his oral answers. In fact, Officer Prettyman testified that it was "procedure" to continue videotaping a defendant even after the defendant requested that the interview be terminated.

When a defendant avails himself of the right to remain silent, the interview must cease. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 325, 46 L.Ed.2d 313 (1975); Hearne v. State, 534 S.W.2d 703, 707 (Tex.Crim.App. 1976); see Hunt v. State, 632 S.W.2d 640, 642–643 (Tex.App.—Dallas 1982, pet.ref'd). Failure to terminate the interview immedi-

(1966).

ately upon the request of the defendant results in the exclusion of the contents of the interview from evidence at the defendant's trial.

Appellant argues that the trial court's error in permitting the jury to hear the audio portion of the videotape resulted in a violation of his federal[2] and state[3] constitutional right to remain silent. Appellant has cited no cases, and we have found none, which specifically concern an accused's invocation of his right to remain silent during a videotape recording. We hold, however, that there is no difference between a request to terminate an interview which is being videotaped and one which is not. When a defendant asks to terminate the interview or indicates his desire to speak to an attorney, the videotaped interview must cease. If it does not, the audio portion of the recording may not be played for the jury to hear. We expressly do not pass on whether the video portion was admissible in view of our holding with respect to the audio portion. The judgment of the trial court is reversed and the cause is remanded for new trial.

**2.** U.S. CONST. amend. V.

**3.** TEX. CONST. art. I, § 10.