**Bobby Hale MILLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1006–85.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 8, 1986.

Paul W. Leech, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., and Ruth E. Plagenhoef, Karen Becak and David Crowe, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of driving while intoxicated. After the jury found appellant guilty, the court assessed punishment at 365 days and a $1,000 fine. The Court of Appeals reversed appellant's conviction. *Mills v. State*, 696 S.W.2d 421 (Tex.App.-Dallas 1985).

In the Court of Appeals, it was concluded the trial court erred in permitting the jury to hear the audio portion of videotaped statements made by appellant following his arrest. During the course of the videotaping procedure, appellant told the officers that he wished to terminate the interview. The officers did not turn off the video recorder. The Court of Appeals agreed with appellant's assertion that continued taping violated his constitutional right to remain silent. Finally, the Court of Appeals held that, when a defendant asks to terminate the interview or indicates his desire to speak to an attorney, the videotaped interview must cease.

In its petition for discretionary review, the State maintains that the statements made to appellant during the course of the videotaping procedure did not constitute custodial interrogation. The State therefore urges that continued discussions with appellant concerning the advisability of taking the breathalyzer test after appellant had sought to terminate the interview did not violate appellant's right against self-incrimination.

In deciding this case, the Court of Appeals did not have the benefit of this Court's recent opinions in *McCambridge v. State*, 712 S.W.2d 499 (Tex.Cr.App.1986), and *Forte v. State*, 707 S.W.2d 89 (Tex.Cr.

App.1986). In *McCambridge v. State,* supra, this Court noted that questioning normally attendant to arrest and custody is not interrogation. Thus, it was concluded that the breath testing decision in *McCambridge* did not involve custodial interrogation or the privilege against self-incrimination. In *Forte v. State, supra,* it was held that a DWI arrestee has no Sixth Amendment right to counsel prior to a complaint and information being filed.

Pursuant to the authority conferred on this Court by Tex.R.App.Pro. Rule 202(k), the State's petition for discretionary review is summarily granted. The cause is remanded to the Court of Appeals for the Fifth Supreme Judicial District for reconsideration of this cause in light of this Court's opinions in *McCambridge v. State, supra,* and *Forte v. State, supra.* Furthermore, the Court of Appeals shall consider appellant's fourth point of error wherein it is urged the videotape was admitted in violation of Article 38.22, V.A.C.C.P. This Court expresses no opinion with respect to the ultimate disposition of the cause.

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

ONION, P.J., dissents.

TEAGUE, J., dissents for reasons stated in his dissenting opinion in *McCambridge v. State.*