**Larry Joe REZAC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00937–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 2, 1986.

Linda J. Ham, Dallas, for appellant.

Constance M. Maher, Asst. Dist. Atty., Dallas, for appellee.

Before DEVANY, SCALES and HOLLINGSWORTH, JJ.

## ON MOTION FOR REHEARING

HOLLINGSWORTH, Justice.

We grant the motion for rehearing of the State of Texas and withdraw our former opinion of October 1, 1986. The following is now our opinion.

Larry Joe Rezac was convicted of driving while intoxicated. Punishment was assessed at ninety days' confinement in the Dallas County jail, probated for a term of twenty-four months, and a five-hundred dollar fine. In three points of error, appellant contends that the trial court erred in: (1) permitting the jury to hear the audio portion and view the video portion of the recording made of appellant following his arrest, (2) admitting into evidence the results of his intoxilizer test and, (3) refusing to incorporate appellant's requested instruction into the jury charge. We agree with appellant's first point of error. Consequently, we reverse the judgment of the trial court.

■ In appellant's first point of error, he maintains that the trial court erred in permitting the jury to hear and see the videotape because he requested counsel and requested termination of the interview. Appellant contends that the officers refused his request for counsel and continued the interview. The following is reflected on the videotape: appellant was given his *Miranda*[1] warnings by the arresting officer. Appellant then requested an attorney. This request was repeated throughout the proceeding. The officer then asked Rezac for a breath specimen and warned Rezac of the statutory consequences if he refused. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, §§ 1 and 2 (Vernon Supp.1986). Appellant agreed to take the test and again made one of his many requests for an attorney.

The officer assured appellant he would not be questioned without an attorney. The intoxilizer test was administered to appellant and this test showed an alcohol level of .159. At no time during the videotaping was appellant interrogated nor did he ever request that any "interview" be terminated.

■ While Rezac never requested a "termination" of the interview, he did repeatedly express his desire to speak to an attorney. Evidence of Rezac exercising his constitutional right to counsel was placed before the jury to consider at the guilt-innocence stage of the trial. The invocation of constitutional rights such as assistance of counsel may not be relied upon as evidence of guilt. *Powell v. State,* 660 S.W.2d 842, 845 (Tex.App.—El Paso 1983, no writ). We, therefore, hold that the trial court erred in allowing the jury to hear the audio portions of the videotape wherein Rezac claimed his constitutional right to an attorney. *Id.*

■ Having found error, we must determine whether the error was harmless. In determining whether the error was harmless to Rezac, the test is whether this court can conclude beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R. App.P. 81(b)(2).

■ We cannot say beyond a reasonable doubt that the error made no contribution to the conviction. The evidence showing Rezac repeatedly demanding an attorney is especially harmful because it is quite possible that the jury believed that Rezac's insistence on an attorney indicated his guilt. It is equally likely that the jurors acted upon this belief during their deliberation. Consequently, appellant's first point of error is sustained.

■ Although we have found reversible error, we will nevertheless address appellant's remaining points of error. In his second point of error appellant asserts that

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

the results of the intoxilizer test should not have been admitted into evidence because he was denied his right to assistance of counsel. Appellant made a pretrial motion to suppress the results of the breath test. This motion was overruled. As appellant's motion to suppress was overruled, he was not required to object`at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State,* 701 S.W.2d 902, 904 (Tex.Crim.App.1986); *Ebarb v. State,* 598 S.W.2d 842, 843 (Tex.Crim.App.1979). However, when the State sought to introduce the results of the intoxilizer test at trial, appellant affirmatively asserted that he had "no objection" to the admission of the results of the test. By so doing, appellant waived any error in the admission of the results of the test despite the pretrial ruling. *Moraguez,* 701 S.W.2d at 904; *Harris v. State,* 656 S.W.2d 481, 484 (Tex. Crim.App.1983). Appellant's second point of error is overruled.

■ In appellant's third point of error he contends that the trial court erred in refusing his requested charge regarding whether the breathalyzer machine was working properly at the time the test was administered. Because there was no fact issue raised by the evidence concerning any mechanical failure of the machine on the date in question, the trial court properly refused appellant's requested charge. *Moseley v. State,* 696 S.W.2d 934, 937 (Tex. App.—Dallas 1985, no pet.) (*en banc*). Appellant's third point of error is overruled.

Because we sustained appellant's first point of error, the judgment of the trial court is reversed and the cause remanded to the trial court for a new trial.