**William Clyde KNOX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–86–0161–CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 6, 1987.

Roderique S. Hobson, Jr., Lubbock, for appellant.

Jim Bob Darnell, Crim. Dist. Atty., Ruth Cantrell, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury found appellant William Clyde Knox guilty of the offense of driving while intoxicated, and the court assessed his punishment at confinement in the Lubbock County jail for 90 days, probated for 24 months, and a fine of $300. With two grounds of error,[1] appellant contends the court erred (1) in overruling his objection to the admission of the audio portion of the videotape made at the jail after he invoked his right to counsel, and (2) in granting the State's motion for continuance. The first ground will be sustained, the judgment will be reversed, and the cause will be remanded.

After observing the manner of appellant's driving, his appearance, and being of the opinion that he failed four tests for intoxication, Lubbock City Police Officer Jack Stevens arrested appellant. Taken to the jail for booking, appellant was videotaped. During the taping, appellant was informed of his *Miranda* rights,[2] at which time he stated to officer Stevens that he "did not wish to say anything without his lawyer, Rod Hobson, Jr., being present." Nevertheless, the taping continued, during which officer Stevens asked for, and appellant supplied, his name, address, and social security number. Then, officer Stevens subjected appellant to a few field sobriety tests—*i.e.*, reciting the English alphabet and reading "that little bit about Texas;" putting his heels together, tilting his head back and closing his eyes, extending his arms straight out, and then touching his nose with the index finger of each hand; standing on one foot with the other extended forward and counting to twenty; and walking a line. When asked what these had to do with identification, the officer replied that it was part of the field sobriety test and that the acts could be incriminating.

At the conclusion of the field sobriety tests, officer Stevens again read appellant his *Miranda* rights and, again, appellant said he wished to consult his attorney. Then the officer read appellant the statutory warning regarding the intoxilyzer test, and appellant advised the officer he was not refusing to take the test, but he would not take it until he had talked to his attorney. Allowed the use of a telephone, appellant was unable to reach his attorney or two other attorneys he attempted to call. Informed that he had to make a decision to take or not to take the intoxilyzer test, appellant again said he was not refusing the test, but he would not take it until he had talked to his attorney, to which officer Stevens replied that he would have to mark the test refused.

When the videotape was offered into evidence at trial, appellant's counsel stated, "No objections." However, when the showing of the videotape revealed appellant's first invocation of his right to counsel, appellant's counsel objected "to the audio portion of the tape being left on" since appellant had invoked his Fifth Amendment rights. The objection was overruled. When the tape revealed appellant's second invocation of his right to counsel, his counsel renewed his objection, which also was overruled.

As a bar to the consideration of the merits of appellant's first ground, the State submits that since appellant had no objection to the admission of the videotape when it was offered, his later objection to the audio portion of it was untimely and, hence, did not preserve error. However, the cases cited by the State to support its submission are not in point, for in those cases no objection was made in the trial court to the admission of the evidence.

█ Although the general rule of evidence is that an objection, to be viable, must be made when the evidence is offered, the rule is subject to the qualification that the objection is timely if made

---

1. On and after 1 September 1986, an appellant's contention on appeal is a point of error. Tex.R. App.Proc. 74(d). However, since at the time appellant's brief was filed in this criminal appeal, his contention correctly was a ground of error, that terminology will be used.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

when the inadmissibility of the evidence, undisclosed upon offer, becomes apparent. *See* 1 R. Ray, Texas Law of Evidence Civil and Criminal § 23 (Texas Practice 3d ed. 1980); *Sierra v. State*, 482 S.W.2d 259, 262–63 (Tex.Cr.App.1972). Appellant's objection was timely under the qualification to the general rule. This obtains because when the tape was offered under the predicate laid, no objection to its admissibility was indicated. *See* Tex.Code Crim.Proc. Ann. art. 38.22, §§ 3, 4 (Vernon Supp.1986). But when the taping revealed that appellant invoked his right to counsel, the lack of the article 38.22 predicate for the admissibility of the tape was disclosed, and the objection promptly lodged at that point was timely. *Sierra v. State, supra.*

■ It is undisputed that at the beginning of the videotaping, appellant was in custody and, during the taping, he invoked his right to counsel. At that point, not only was officer Stevens required to cease any custodial interrogation, *Miranda v. Arizona*, 384 U.S. 436, 473–74, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966); *Ochoa v. State*, 573 S.W.2d 796, 800 (Tex.Cr.App. 1978), but any oral statement appellant made thereafter as the result of custodial interrogation was inadmissible, *Edwards v. Arizona*, 451 U.S. 477, 487, 101 S.Ct. 1880, 1886, 68 L.Ed.2d 378 (1981), particularly by means of the audio portion of the tape. Article 38.22, *supra.*

In this connection, it may be granted that the video portion of the tape was admissible. *Carpenter v. State*, 169 Tex.Cr.R. 283, 333 S.W.2d 391, 394 (1960). And it may be accepted that the officer's audible obtaining from appellant the booking information of his name, address, and social security number, and his refusal to take an intoxilyzer test until he had talked with his attorney, were matters "normally attendant to arrest and custody" which did not constitute a custodial interrogation within the meaning of *Miranda*. *See McCambridge v. State*, 712 S.W.2d 499 (Tex.Cr.

App.1986). Yet, more audition than that— *i.e.,* officer Stevens' field-sobriety-tests questions and appellant's responses which, by the officer's characterization, could be incriminating—occurred after appellant invoked his right to counsel, and was admitted over appellant objection. The questioning constituted prohibited custodial interrogation with the result that appellant's audio responses were the product of compulsion, subtle or otherwise, and were unusable against him. *Miranda, supra,* 384 U.S. at 477–79, 86 S.Ct. at 1629–30.

■ The admission of the objected to audio cannot be harmless error under the test whether there is a reasonable probability that the evidence might have contributed to appellant's conviction. *See Self v. State*, 709 S.W.2d 662, 668 (Tex.Cr.App. 1986). Officer Stevens' testimony of appellant's manner of driving and intoxication was sharply disputed by appellant, and another witness testified that appellant was not intoxicated some fifteen minutes before he was arrested. Then, there is a reasonable probability that the admission of the audio portion of the tape, which the officer said could be incriminating, might have contributed to appellant's conviction.[3] *Accord, Gathright v. State*, 698 S.W.2d 260, 261–62 (Tex.App.—Fort Worth 1985, no pet'n).

Accordingly, appellant's first ground of error is sustained. It is unnecessary to address his second ground which, if sustained or overruled, would not alter the appellate decision, and the same contention is unlikely to arise in further proceedings.

The judgment is reversed and the cause is remanded.

BOYD, J., dissents.

BOYD, Justice, dissenting.

From the majority's sustention of appellant's first ground of error and the consequent reversal of this cause, I must respectfully dissent. The majority correctly

---

**3.** Recently, it has been held that it is reversible error for the jury to hear the audio portion of a videotape wherein the accused claimed his con-

stitutional right to an attorney. *Rezak v. State,* 722 S.W.2d 32 (Tex.App.—Dallas, 1986).

concedes that the video portion of the questioned videotape was admissible. They further concede that the oral portions of the videotape wherein the officer obtained from appellant his name, address, and social security number, and where appellant refused to take an intoxilyzer test until he had talked with his attorney were admissible. Even so, they conclude that the admission of the portion of the tape containing the officer's field-sobriety test questions and appellant's responses thereto require reversal. I cannot agree.

Police words or actions "normally attendant to arrest and custody" do not constitute custodial interrogation within the purview of *Miranda* and cases of like ilk. *Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980); *McCambridge v. State*, 712 S.W.2d at 505. Although it did not make an express holding to that effect, our Court of Criminal Appeals, in a similar case, recognizing the above rule, has indicated that continued discussions with a defendant concerning the advisability of taking a breathalyzer test after that defendant had sought to terminate the interview may not require reversal. *See Mills v. State*, 720 S.W.2d 525 (Tex.Crim.App.1986).

Moreover, where evidence of guilt is overwhelming and the prejudicial effect of improperly admitted evidence is insignificant by comparison, admission of that evidence is harmless error. *Schneble v. Florida*, 405 U.S. 427, 430, 92 S.Ct. 1056, 1058, 31 L.Ed.2d 340 (1972); *Pruitt v. State*, 683 S.W.2d 537, 541 (Tex.App.—Dallas 1984, no pet.). As the majority has noted, the test is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Johnson v. State*, 660 S.W.2d 536, 538 (Tex.Crim.App. 1983).

I would point out those portions of Officer Stevens' testimony wherein he testified that *at the scene of arrest* he required appellant to perform four tests for intoxication; (1) recitation of the alphabet; (2) touching of his nose with his right and then his left hand; (3) standing on one foot, extending the other foot in front and counting to twenty; and (4) walking straight ahead and then turning around and walking back. He also said that the only difference between the sobriety tests he conducts on the street and those done at the jail is that, at the jail, an accused is required to read a card, and when that accused stands on one foot, he must count to thirty instead of twenty. Stevens stated that at the scene of arrest appellant's speech was slurred and the letters "I" and "J" were deleted from the recited alphabet, and that he, appellant, could not count to twenty without losing his balance. He also testified that appellant "did better in the video than he did out on the streets."

In cross-examination, Stevens admitted that he did not notice any slurred speech on the videotape. Moreover, he testified that the only specific signs of intoxication that appellant exhibited on the video were the visual signs that he was unable to stand on his right leg with his left leg extended in front of him and that he, appellant, was unbalanced in walking a line. Of course, even under the majority's theory, this testimony was admissible. Moreover, while Stevens did state that appellant got ahead of himself when reading a card and stumbled, on cross-examination he admitted the difficulty in reading was not, in and of itself, a sign of intoxication. Stevens further admitted that, in fact, he, Steven, had trouble reading statutory warnings that he reads "all the time."

In summary, in view of the admittedly admissible portions of the State's evidence, even assuming, arguendo, that the challenged oral portions of the videotape were inadmissible, any prejudicial effect of those challenged portions is so insignificant as not to require reversal. I would overrule this ground, and to the majority's failure to do so, I must respectfully dissent.