TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00795-CR







Pierre R. Smith, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0973174, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 Appellant Pierre R. Smith was convicted by a jury of four counts of sexual offenses
against a child. The jury assessed punishment. The offenses and sentences were (1) aggravated
sexual assault of a child, a first degree felony, sentence of ninety-nine years and a fine of $10,000;
(2) indecency with a child by contact, a second degree felony, twenty years and a fine of $10,000;
(3) indecency with a child by contact, a second degree felony, twenty years and a fine of $10,000;
and (4) indecency with a child by exposure, a third degree felony, ten years and a fine of $10,000. 
See Tex. Penal Code Ann. §§ 22.021 (a)(1)(B),(a)(2)(B) (West 1994 & Supp. 1999); 21.11 (a)(1),
(a)(2) (West 1994). Appellant brings three points of error contending that the trial court erred (1)
by denying his motion for continuance; (2) by admitting evidence of extraneous bad acts at
punishment because of the State's failure to give proper notice of its intent to introduce them; and
(3) by admitting two extraneous bad acts, one involving sexual misconduct with a dog and the
other involving the use of rubber gloves to commit fraud. We will overrule these points of error
and will affirm the judgment of conviction.


Factual Background

 Appellant does not challenge the sufficiency of evidence. We will briefly describe
the offenses for context. Appellant was the stepfather of the complaining witness. She testified
that when she was about nine years old he started giving her beer and she would get high and he
would touch her buttocks and genitals. When they watched television he would put her feet in his
lap and rub them on his erection. He would let her stay home from school and they would drink
and smoke and he showed her a pornographic movie. When she was nine or ten, he gave her beer
and got her drunk and he had her dress up in her mother's clothes and then he performed oral sex
on her. He asked her to do it to him, but she did not. When she was about eleven, they had
mutual oral sex a lot. He would take her to bars with him and his girlfriends and she knew not
to tell her mother. At about eleven or twelve, he would come into her room and masturbate and
direct her to masturbate herself. He began having intercourse with her at this time. He kept her
supplied with cigarettes and beer and liquor if she would do favors for him. Once, he agreed to
buy beer for her to take to a party with friends if she would masturbate him. He taught her how
to steal things from stores and to lie and deny when she got caught. By the time she was fourteen,
she began running away from home, living on the street and eating out of dumpsters, and started
using cocaine in New Orleans. 


The Motion for Continuance Appellant was initially indicted on June 7, 1996, for sexual abuse of his
stepdaughter. He filed a motion to dismiss the indictment for failure to provide a speedy trial on
June 30, 1997. The motion complained that the State had been granted continuances on ten
occasions from September 1996 through July 7, 1997, and that appellant had announced ready on
each occasion. On July 7, 1997, the trial court gave appellant a preferential setting for trial on
August 4, 1997. Appellant was reindicted on July 25, 1997. Appellant presented his motion for
continuance on July 31, 1997, on the grounds that he would not have adequate time to prepare for
trial on the new charges. A hearing was held on the motion for continuance on August 1, 1997.
Appellant's only evidence at the hearing was his attorney's affidavit that more than ten days before
the motion, the prosecutor had agreed not to oppose appellant's motion for continuance. We note
that this time frame puts the attorney's intent to seek a continuance as arising before the
reindictment was returned on July 25, 1997. The attorney said he had tried five cases in the past
seven weeks, and that holding this trial would deny him the opportunity to complete preparation
for trial. In addition, the attorney said it would interfere with his travel and vacation plans. In
opposition to the motion, the State presented testimony from a victim-witness counselor for the
district attorney's office that the complaining witness and her father already had come to town for
the trial from Oklahoma, and that they had canceled a planned family vacation in order to appear
at the trial. The family was very pleased with the preferential setting and the prospect that the case
was finally coming to trial. They had become frustrated, skeptical, and distrustful because of the
many delays with the case. The counselor testified that she was not sure whether the complaining
witness would continue to be cooperative in the prosecution of the case if it were delayed again. 
The State called the judicial aide of Judge Bob Perkins, the elected judge of the 331st District
Court. The hearing was being conducted by a visiting judge, Honorable Robert Pfeuffer, while
Judge Perkins was out of town. The judicial aide testified that Judge Perkins had preferentially
set the case to be tried on August 4, 1997, and he intended that the case be tried at that time. The
judicial aide had seen appellant's motion for continuance, and told appellant's attorney that if he
wanted a continuance he had to talk to Judge Perkins about it, but to her knowledge appellant's
attorney never talked to the judge about it before the judge went out of town. Appellant's attorney
offered no witnesses at the hearing, but only the affidavit by appellant's attorney described
previously. The trial court denied appellant's motion for continuance. 


Was Denial of Continuance an Abuse of Discretion?

 A criminal action may be continued on the written motion of the State or of the
defendant, upon sufficient cause shown, which cause shall be fully set forth in the motion. Tex.
Code Crim. Proc. Ann. art. 29.03 (West 1989). The sufficiency of the motion shall be addressed
to the sound discretion of the trial court, and shall not be granted as a matter of right. Tex. Code
Crim. Proc. Ann. art. 29.06(6) (West 1989). The trial court's ruling on a motion for continuance
is reviewed under an abuse of discretion standard. Janecka v. State, 937 S.W.2d 456, 468 (Tex.
Crim. App. 1996), cert. denied, 118 S. Ct. 86 (1997). To show an abuse of discretion the
defendant must show that he was actually prejudiced by the denial of his motion and his counsel's
inadequate preparation time. Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). 
 Appellant has not shown that he suffered any specific prejudice at the trial because
of lack of preparation. Appellant did not show prejudice at the hearing, and there was no motion
for new trial or request for a bill of exceptions through which appellant sought to show actual
prejudice at trial. The mere assertion that counsel did not have time to investigate or prepare for
trial, without any showing of actual harm, does not establish an abuse of discretion. Id. at 512;
Janecka, 937 S.W.2d at 468; Duhamel v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986). Appellant was charged with and arrested for the offenses in the instant case on
March 7, 1996. The first indictment was filed July 7, 1996. The reindictment was filed July 25,
1997. There were no new charges. The spelling of the victim's given name was corrected, the
number of charges was reduced from sixteen to seven, and the number of dates alleged on which
offenses occurred was reduced from three to one. (1)
 Appellant had over sixteen months to prepare
for trial, and had, on June 30, 1997, filed a motion asserting that he had been ready for trial since
September 1996 and moved the court to dismiss because of the State's failure to provide a speedy
trial. The trial court ordered a preferential trial setting as a result. Appellant was given the
speedy trial he requested. He has shown no prejudice in the denial of the motion for continuance. 
The trial court did not abuse its discretion. We overrule the first point of error.


Adequacy of Notice of Intent to Show Unadjudicated Bad Acts at Punishment

 Appellant's second point of error contends that the trial court erred at the
punishment stage by admitting evidence of extraneous bad acts because the State failed to give
reasonable notice of intent to introduce that evidence.

 The State gave notice of its intent to use certain offenses committed by appellant
on other witnesses, including attempted aggravated sexual assault of a child and indecency with
a child by contact against his then fifteen-year-old stepdaughter A.P. from his previous marriage, 
injury to a child and child endangerment against another former stepdaughter, M.P., and assault
against their mother Judy Smith, to whom he was married at the time. This notice was given on
July 30, 1997, before jury selection in the trial began on August 4, 1997. The State filed an
amended notice of intent on August 5, 1997, the first day evidence was given in the State's case
in chief. The amended notice corrected typographical errors in some of the dates given, with the
major addition being the extraneous offense of indecency with a child by contact against a friend
of the complaining witness, C.L. She testified in the guilt-innocence phase that appellant gave
them liquor and beer when she stayed overnight at the complaining witness's house when
appellant's wife was gone. At punishment she testified that at the same party appellant kissed her,
felt her breasts and crotch and said he wanted to have sex with her. She was fifteen at the time. 

 At the punishment stage of trial, the parties may offer evidence of any matter the
court deems relevant to sentencing, including evidence of an extraneous crime or bad act, whether
or not it resulted in a conviction. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.
1999). On defendant's timely request, the State must give reasonable notice of intent to introduce
evidence under this provision. See id. Art. 37.07, § 3 (g) (notice requirement).

 Appellant refers to his motion filed September 6, 1996, about eleven months before
the trial, as being the request for notice which he relies on as activating this requirement for the
State to divulge what it might use against him at punishment. The State contends that this motion
did not constitute a proper request for the information about which appellant now complains,
therefore the State had no obligation to disclose the information. We agree. 

 Appellant's motion to disclose evidence of other crimes, wrongs, or acts, filed by
appellant specifically refers to "notice of intent to introduce in the State's case-in-chief such
evidence" under Rule 404(b) of the Texas Rules of Evidence. While the motion requests the trial
court to order the State to provide discovery and notice, the motion also specifically provides:
"Defendant hereby requests that the State provide this notice." The court of criminal appeals has
recently held: "[W]hen a document asks the trial court to enter an order and it also asks the State
to provide notice, the document is insufficient to trigger the duty to provide notice under Art.
37.07, § 3(g)." Mitchell v. State, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998). This holding
is directly applicable here. Appellant's motion did not constitute the required request to impose
an obligation on the State to give notice. 

 In Mitchell, the court discussed an earlier case that dealt with the adequacy of a
request to the State for notice of extraneous acts which held that a discovery motion is not effective
until the trial court rules on it. Mitchell, 982 S.W.2d at 427 (citing Espinoza v. State, 853 S.W.2d
36, 39 (Tex. Crim. App. 1993)). See President v. State, 926 S.W.2d 805, 808 (Tex.
App.--Austin 1996, pet. ref'd) (motion to court does not constitute request for notice to State). 
In the instant case, the record does not show that the court ordered the State to give notice of intent
to introduce evidence of any extraneous offenses or acts. We note that the form prepared for the
court's action bears a date and signature, but it does not order anything done, as it states that "it
appears to the Court that this Motion should be (GRANTED/DENIED)." We will not speculate
on what the court might have intended, but failed, to do. 

 In any event, even if the order were complete and had been granted, the motion was
limited to a request under Rule 404(b) that the State give notice of intent to introduce extraneous
acts during the State's case-in-chief. Rule 404(b) does not apply to the punishment phase of the
trial, which phase is dealt with separately in 404(c). See Ramirez v. State, 967 S.W.2d 919, 923
(Tex. App.--Beaumont 1998, no pet.). In Williams v. State, 933 S.W.2d 662, 665-66 (Tex.
App.--Eastland 1996, no pet.), the court held that a request for notice under Rule 404(b) is not
sufficient by itself to require the State to give notice under article 37.07, § 3(g) despite the
reference to Rule 404(b) in the article. Appellant did not make a request for notice under article
37.07, § 3(g), of the State's intent to offer extraneous acts of appellant at the punishment hearing,
and therefore cannot complain of the timeliness or adequacy of the notice that the State did give. 
In summary, appellant attempted to request notice but failed to make an effective request; the State
attempted to give some notice of extraneous acts it intended to offer, and this notice may have been
marginally timely but was incomplete; and appellant failed to obtain an effective order from the
trial court to compel the State to disclose the information. Appellant has not shown that any harm
resulted from these events. Appellant's second point of error is overruled.

Relevancy of Bad Act Testimony

 Appellant's third point of error contends that the trial court erred in two instances
by admitting testimony of irrelevant bad acts committed by appellant. The two instances cited by
appellant are combined in this one point of error, but are not related to each other except that both
involve testimony by the complaining witness. Appellant ignores important contextual differences
such as the fact that one instance, the testimony about fraud, occurred when the State had the
complainant on redirect and was following up on answers she had given on cross-examination by
appellant. The other instance of testimony complained of, the impropriety with a dog, occurred
much later in the trial after appellant had introduced evidence of his good character and had
testified and denied all of the complainant's charges against him, thus giving rise to the State's
perceived need to rebut appellant's defensive testimony. Appellant does not discuss the use of the
challenged evidence in terms of the State's rebuttal. 

 In addition to these briefing deficiencies, appellant argues that the evidence should
have been excluded by the trial court under Rule 403 of the Texas Rules of Evidence because its
probative value was substantially outweighed by the danger of unfair prejudice. However, no
objection was made in either instance on the basis of its potential unfair prejudice under Rule 403. 
Appellant does not address this failure to raise and preserve this issue with regard to either
instance. We could decline to consider this point of error because of this confusion of these two
factually distinct matters and the failure to make separate arguments as to each. A point of error
is multifarious if it combines more than one contention in a single point. Sterling v. State, 800
S.W.2d 513, 521 (Tex. Crim. App. 1990); see Lagrone v. State, 942 S.W.2d 602, 614 (Tex.
Crim. App.), cert. denied, 118 S. Ct. 305 (1997) (without substantive argument or supporting
authorities, appellate court cannot adequately evaluate appellant's claim); Heiselbetz v. State, 906
S.W.2d 500, 512 (Tex. Crim. App. 1995) ("From appellant's brief, we cannot discern his specific
arguments, and we will not brief appellant's case for him."); State v. Gonzales, 855 S.W.2d 692,
697 (Tex. Crim. App. 1993) (when party raises point of error without citation of authorities or
argument, nothing is presented for appellate review); Skillern v. State, 890 S.W.2d 849, 871-72
(Tex. App.--Austin 1994, pet. ref'd) (combining several complaints in one point is multifarious). 
Appellant's point of error is multifarious and inadequately briefed. However, in the interest of
justice, we will address the two matters complained of. 

 The first testimony appellant objects to was given when the complainant testified
in the State's case in chief. On cross-examination, appellant inadvertently elicited from her the 
information involving deceitfulness with rubber gloves. On redirect, the State asked her about the
incident, and she essentially repeated her original testimony. 

 On cross-examination, appellant's attorney asked her if she knew Brenda. She
described Brenda as one of appellant's girlfriends, and went on to tell about appellant asking the
complaining witness to put on rubber gloves and to help him prepare a letter for mailing that
appellant told her was connected with Brenda's suit against her employer. Appellant worked for
the same person. The clear implication was that this was done to avoid leaving fingerprints and
to prevent the actual sender of the letter from being identified. The complainant also testified that
appellant said he wanted her to testify for him and that he would pay her money to lie. Appellant
did not object to this testimony at the time it was given. The prosecutor questioned her on re-direct examination about the rubber gloves. It was only then that appellant objected that the matter
was irrelevant, and that the complainant's answer to his question on cross-examination had been
nonresponsive. The trial court overruled appellant's objection. The complainant related
essentially the same information she had given earlier. 

 Appellant's objection to the rubber gloves testimony was made too late. The State
cites authority that a defendant is not entitled to complain of testimony that he inadvertently elicits
by an open-ended question on cross-examination. Ingham v. State, 679 S.W.2d 503, 507 (Tex.
Crim. App. 1984). This is not a particularly applicable authority. We do not think appellant's
question whether complaining witness knew Brenda was too open ended, but the failure to object
to the witness's nonresponsive answer immediately, and to ask that the jury be directed to
disregard it, did waive the objection to the testimony. The general rule of evidence is that an
objection must be made when the evidence is offered, but this rule is subject to the qualification
that an objection is timely made when the inadmissibility of the evidence, undisclosed upon offer,
becomes apparent. See Johnson v. State, 878 S.W.2d 164, 168 (Tex. Crim. App. 1994); Sierra
v. State, 482 S.W.2d 259, 262-63 (Tex. Crim. App. 1972); Knox v. State, 722 S.W.2d 793, 794-95 (Tex. App.--Amarillo 1987), pet. dism'd, improvidently granted, 769 S.W.2d 244 (Tex. Crim.
App. 1989); see also Beall v. Ditmore, 867 S.W.2d 791, 794 (Tex. App.--El Paso 1993, writ
denied) (witness on cross-examination gave nonresponsive answer, counsel made reasonably
prompt objection to objectionable matter); Johnson v. Hodges, 121 S.W.2d 371, 373 (Tex. Civ.
App.--Fort Worth 1938, writ dism'd) (party can object to objectionable answer to question that
is unobjectionable). Thus, appellant waived error in regard to the rubber glove testimony by
failing to object when the information was first injected into the trial. In any event, the prosecutor
simply had the witness repeat what she had said before without objection, and where the same
evidence or argument is presented elsewhere during trial without objection, no reversible error
occurs. McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992); Stoker v. State, 788
S.W.2d 1, 12 (Tex. Crim. App. 1989); see Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim.
App. 1996) (admission of same evidence from another source without objection waives previously
stated objection). Appellant did not preserve this part of his third point at trial.

 The second trial court evidentiary ruling about which appellant complains was in
regard to evidence offered by the State after appellant had presented his defense witnesses and had
testified himself. One of appellant's witnesses had testified that she had never seen appellant act
in a manner inappropriate for a stepparent in his relationship to his stepdaughter. The same
witness described appellant as a person who is caring, intelligent, loving, giving, kind, sweet,
respectful of authority, and who obeys the law. Another witness for appellant testified that
appellant and the complaining witness had the best stepfather-stepdaughter relationship she had
ever seen, and that there was no way that she could believe appellant could commit the acts the
complaining witness accused him of doing. Appellant testified in his own behalf that his
relationship with his stepdaughter was loving and caring, and that they were friends. He testified
that no part of her story was true, that he never touched her inappropriately, and that he had never
done anything with her other than hug her and treat her in the way a parent would treat a child.

 The prosecutor recalled the complainant and asked whether she had ever seen
appellant touch his dog inappropriately. Appellant objected that it was "irrelevant, extraneous." 
The court overruled the objection and permitted the complainant to testify that she saw appellant
touch and manipulate the male dog's genitals in her presence and act as if he were masturbating
the dog, and laugh about it. 

 Appellant's objection at trial was that the testimony was not relevant. Rule 401
defines "relevant evidence" as that "having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable that it would
be without the evidence." Tex. R. Evid. 401. Appellant makes no argument in his brief that the
evidence is not relevant, but only asserts that proposition generally, then discusses Rule 403,
which provides that "although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice . . . ." Tex. R. Evid. 403. However,
appellant did not object on the ground of the trial court's failure to observe Rule 403, and we need
not consider it. A specific objection based upon balancing of probativeness and unfair prejudice
under Rule 403 is required. See Montgomery v. State, 810 S.W.2d 372, 388 (Tex. Crim. App.
1991) (op. on reh'g). 

 The State contends that this testimony was admissible as rebuttal evidence to
appellant's evidence that he was of good character and would not behave inappropriately in front
of his stepdaughter. The State cites Rule 404(a)(1)(A), which provides that evidence of a pertinent
character trait is admissible for the purpose of proving action in conformity therewith when
offered by the prosecution in rebuttal of the accused's offer of such character evidence. However,
the State offers no authority or substantive argument that the testimony is proper rebuttal. Even
though the trial court might have considered the line of questioning as fair rebuttal of the good
character defense offered by appellant, it is not necessary to decide this issue. 

 Although not argued by the State or appellant, the trial court could have considered
this evidence admissible under article 38.37 of the Code of Criminal Procedure. This article
applies to prosecutions such as the instant one involving sexual offenses against a child under 17
years of age. It provides:


 Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence,
evidence of other crimes, wrongs, or acts committed by the defendant against the
child who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including:


 (1) the state of mind of the defendant and the child; and 


 (2) the previous and subsequent relationship between the defendant and the
child. 



Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 1999).

 Following the testimony about the acts with the dog, the State unsuccessfully 
attempted to introduce evidence of appellant's misconduct with other stepdaughters. The trial
court explained that under article 38.37 he had ruled in the State's favor on "all the extraneous
having to do with" the victim, but denied admission of the extraneous offenses with third parties. 
We have held that the trial court did not abuse its discretion in admitting evidence under article
38.37 of numerous instances of extraneous sexual misconduct with his daughters, the complainants
in the case in which he was convicted. We said that evidence was probative in establishing the
states of mind of both the child victim and her father, and was a significant indicator of the nature
of the relationship between the two before and after the incident. The evidence of extraneous
sexual conduct explains how "a person in a position of authority, custody, or care of a young child
has developed an unnatural attitude and relationship toward that child to explain the charged act--an act that would otherwise seem wholly illogical and implausible to the average juror." Poole
v. State, 974 S.W.2d 892, 897-98 (Tex. App.--Austin 1998, pet. filed); Ernst v. State, 971
S.W.2d 698, 700-01 (Tex. App.--Austin 1999, no pet.); see Jenkins v. State, No. 12-97-00334-CR (Tex. App.--Tyler January 29, 1999, no pet. h.) (holding article 38.37 constitutional); Hinds
v. State, 970 S.W.2d 33, 34-5 (Tex. App.--Dallas 1998, no pet.) (applying article 38.37);
Howland v. State, 966 S.W.2d 98, 103 (Tex. App.--Houston [1st Dist.] 1998), aff'd, Nos. 788-98
to 791-98 (Tex. Crim. App. Mar. 31, 1999). We hold that in view of article 38.37, and the trial
court's reliance on it, the trial court did not abuse its discretion in admitting the evidence. 

 Even if the evidence were not admissible, we find there was no reversible error in
admitting it. There is no suggestion by appellant that the admission of this evidence is of
constitutional magnitude, and we find that it is not. The question of whether the error would be
reversible is determined by applying Rule 44.2(b) to inquire whether the error affected appellant's
substantial rights. Tex. R. App. P. 44.2(b). A substantial right is affected when the error has a
substantial and injurious effect or influence in determining the jury's verdict. See King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). The challenged evidence showed that appellant
acted in a despicable and grossly vulgar manner, but compared to the evidence of acts already
introduced about his long-term sexual grooming and abuse of his stepdaughter, the dog incident
was a relatively minor abomination in the spectrum of appellant's activities, and we are convinced
that this evidence was not of a magnitude to, and did not, improperly influence the jury's verdict.
Thus, even if it were error to introduce it, we hold it did not affect a substantial right of appellant
and must be disregarded. See Tex. R. App. P. 44.2(b). Appellant's third point of error is
overruled.

 Having overruled appellant's three points of error, we affirm the judgment of
conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 20, 1999

Do Not Publish
1. A defendant is entitled to ten days after indictment in which to file pleadings and prepare for
trial. Tex. Code Crim. Proc. Ann. art. 27.11 (West 1989). This statute also applies to a
reindictment. Oliver v. State, 646 S.W.2d 242, 245 (Tex. Crim. App. 1983); Trevino v. State,
900 S.W.2d 815, 817 (Tex. App.--Corpus Christi 1995, no pet.). Appellant's complaint is not
about this mandatory time, as he did receive the full ten days notice of the reindictment to which
he was entitled.




secutions such as the instant one involving sexual offenses against a child under 17
years of age. It provides:


 Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence,
evidence of other crimes, wrongs, or acts committed by the defendant against the
child who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including:


 (1) the state of mind of the defendant and the child; and 


 (2) the previous and subsequent relationship between the defendant and the
child. 



Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 1999).

 Following the testimony about the acts with the dog, the State unsuccessfully 
attempted to introduce evidence of appellant's misconduct with other stepdaughters. The trial
court explained that under article 38.37 he had ruled in the State's favor on "all the extraneous
having to do with" the victim, but denied admission of the extraneous offenses with third parties. 
We have held that the trial court did not abuse its discretion in admitting evidence under article
38.37 of numerous instances of extraneous sexual misconduct with his daughters, the complainants
in the case in which he was convicted. We said that evidence was probative in establishing the
states of mind of both the child victim and her father, and was a significant indicator of the nature
of the relationship between the two before and after the incident. The evidence of extraneous
sexual conduct explains how "a person in a position of authority, custody, or care of a young child
has developed an unnatural attitude and relationship toward that child to explain the charged act--an act that would otherwise seem wholly illogical and implausible to the average juror." Poole
v. State, 974 S.W.2d 892, 897-98 (Tex. App.--Austin 1998, pet. filed); Ernst v. State, 971
S.W.2d 698, 700-01 (Tex. App.--Austin 1999, no pet.); see Jenkins v. State, No. 12-97-00334-CR (Tex. App.--Tyler January 29, 1999, no pet. h.) (holding article 38.37 constitutional); Hinds
v. State, 970 S.W.2d 33, 34-5 (Tex. App.--Dallas 1998, no pet.) (applying article 38.37);
Howland v. State, 966 S.W.2d 98, 103 (Tex. App.--Houston [1st Dist.] 1998), aff'd, Nos. 788-98
to 791-98 (Tex. Crim. App. Mar. 31, 1999). We hold that in view of article 38.37, and the trial
court's reliance on it, the trial court did not abuse its discretion in admitting the evidence. 

 Even if the evidence were not admissible, we find there was no reversible error in
admitting it. There is no suggestion by appellant that the admission of this evidence is of
constitutional magnitude, and we find that it is not. The question of whether the error would be
reversible is determined by applying Rule 44.2(b) to inquire whether the error affected appellant's
substantial rights. Tex. R. App. P. 44.2(b). A substantial right is affected when the error has a
substantial and injurious effect or influence in determining the jury's verdict. See King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). The challenged evidence showed that appellant
acted in a despicable and grossly vulgar manner, but compared to the evidence of acts already
introduced about his long-term sexual grooming and abuse of his stepdaughter, the dog incident
was a relatively minor abomination in the spectrum of appellant's activities, and we are convinced
that this evidence was not of a magnitude to, and did not, improperly influence the jury's verdict.
Thus, even if it were error to introduce it, we hold it did not affect a substantial right of appellant
and must be disregarded. See Tex. R. App. P. 44.2(