NUMBER 13-04-00430-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

IN THE MATTER OF T.B., A JUVENILE,                                         Appellant.

 

    On appeal from the Juvenile Court of San Patricio County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








The trial court found that appellant, T.B., a
juvenile, engaged in delinquent conduct based on a jury=s findings that he committed two counts of aggravated
sexual assault of a child[1]
and one count of criminal mischief.[2]  Appellant was committed to the Texas Youth
Commission for an indeterminate period of time, not to exceed his twenty-first
birthday.[3]  The trial court has certified that Athe juvenile=s appeal is not in a plea-bargain case, and the
juvenile has the right of appeal.@ See Tex.
R. App. P. 25.2(a)(2).  By six
points of error, appellant contends (1) the trial court erred by failing to
give the jury a definition of Areasonable doubt,@ (2) the trial court erred by failing to give the
jury a limiting instruction on extraneous offenses, and (3) the evidence is
legally and factually insufficient to support the jury=s findings that appellant committed two counts of
aggravated sexual assault of a child.  We
affirm.

                                                             A.  Background

At the time of the sexual assaults, the child victim
was eleven years old.  The child victim=s mother testified that the child had been certified
as mentally retarded and had the mental capacity of a six or seven year old
child.

The child victim testified that appellant told him, AThat=s my pee-pee. 
Suck it like a lollipop.@  He also
testified appellant Atook my pants down@ and Aput his pee-pee in my butt.@  The child
victim testified unequivocally that he was not appellant=s spouse and that appellant penetrated his mouth and
anus with appellant=s sexual organ when he was younger than fourteen
years old.  No additional evidence of the
assaults was presented.

                                                      B.  Reasonable
Doubt








By his first point of error, appellant contends the
trial court erred by failing to instruct the jury at the adjudication stage of
the trial on the Anear certitude@ standard of reasonable doubt.  In support of his contention, appellant cites
Jackson v. Virginia, 443 U.S. 307 (1979), and Victor v. Nebraska,
511 U.S. 1 (1994), as authority that the trial court must instruct the jury at
the adjudication stage of the trial that it must vote Anot true@ if it has not reached a subjective state of near
certitude regarding the guilt of appellant.

Texas adopted the Jackson reasoning regarding
instructions on reasonable doubt in Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991).  Geesa required
the trial court to give a jury instruction on the definition of reasonable
doubt, but not Anear certitude.@  See id.;
see also Reyes v. State, 938 S.W.2d 718, 721 (Tex. Crim. App.
1996).  However, the court of criminal
appeals explicitly overruled this requirement in Paulson v. State, 28
S.W.3d 570, 573 (Tex. Crim. App. 2000), because the instruction was redundant
and confusing.  The Paulson court
concluded Athat the better practice is to give no definition of
reasonable doubt at all to the jury.@  Id.  This is the standard Texas courts must now
follow.  See Hankins v. State,
132 S.W.3d 380, 384 (Tex. Crim. App. 2004). 
Accordingly, we hold the trial court did not err in failing to give the
jury a reasonable doubt definition. 
Appellant=s first point of error is overruled.  

                                                  C.  Extraneous
Offenses  

By his second point of error, appellant contends the
trial court erred by failing to give the jury a limiting instruction when the
child victim testified that appellant had committed sexual acts with him Aa bunch of times.@








To preserve error for our review, a party must
present the trial court with a timely objection, state with sufficient
specificity the grounds for the objection, and obtain a ruling.  Tex.
R. App. P. 33.1(a); see Rezac v. State, 782 S.W.2d 869, 870 (Tex.
Crim. App. 1990).  An objection is timely
made if it is raised as soon as the ground for objection becomes apparent.  Johnson v. State, 878 S.W.2d 164, 167
(Tex. Crim. App. 1994).  An objection
requesting a limiting instruction must be sufficiently specific to inform the
trial court of what is requested and why the party is entitled to it.  See Burks v. State, 876 S.W.2d 877,
899  (Tex. Crim. App. 1994).  AAn objection stating one legal basis may not be used
to support a different legal theory on appeal.@  Rezac, 782 S.W.2d at 870. 

The record shows appellant objected on Arelevancy@ grounds to
the child victim=s statement as soon as it was made, but he never
asked the trial court for a limiting instruction.  Appellant=s second point of error is overruled. 

                                            D.  Sufficiency
of the Evidence

By his third, fourth, fifth, and sixth points of
error, appellant contends the evidence is legally and factually insufficient to
support the jury=s findings that appellant committed two counts of
aggravated sexual assault of a child.

                                                         1.  Standards of Review 








When we review appeals of juvenile cases, we apply
the criminal legal sufficiency standard of review.  In re G.A.T., 16 S.W.3d 818, 828 (Tex.
App.BHouston [14th Dist.] 2000, pet. denied).  When we review the legal sufficiency of the
evidence, we view all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; see
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004); Cardenas
v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000).  This standard gives Afull play to the responsibility of the trier of fact
fairly to resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.@  Jackson,
443 U.S. at 319.

We measure the legal sufficiency of the evidence
against the elements of the offense as defined by a hypothetically correct jury
charge for the case.  Adi v. State,
94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref'd); see Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  This ensures that an actual failure in the
State's proof of the crime warrants
judgment of acquittal rather than a mere error in the jury charge
submitted.  Malik, 953 S.W.2d at
240. 

The jury, as the trier of fact, may use common sense
and apply common knowledge, observation, and experience gained in ordinary
affairs when giving effect to the inferences that may be reasonably drawn from
the evidence.  Booker v. State,
929 S.W.2d 57, 60 (Tex. App.CBeaumont 1996, pet. ref=d).  As fact
finder, the jury is the exclusive judge of the credibility of witnesses and the
weight to be afforded their testimony.  Tex. Code 
Crim. Proc. Ann. art. 38.04 (Vernon 1981); Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  The jury is free to accept one version of the
facts, reject another, or reject all or any of a witness's testimony.  Penagraph v. State, 623 S.W.2d 341,
343 (Tex. Crim. App. 1981).








When we review the factual sufficiency of the
evidence, we review all of the evidence and set aside the verdict only if (1)
the evidence is so weak as to be clearly wrong and manifestly unjust or (2) the
verdict is against the great weight of the evidence.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  We are not bound
to view the evidence in the light most favorable to the prosecution, and may
consider the testimony of all the witnesses. 
Id. at 10-12.  Disagreeing
with the fact finder=s determination is appropriate only when the record
clearly indicates that such a step is necessary to arrest the occurrence of a
manifest injustice; otherwise, due deference must be accorded the fact finder=s determinations, particularly those concerning the
weight and credibility of the evidence.  Id.

                                                              2.  Applicable Law

A hypothetically correct jury charge would ask the
jury if appellant (1) on or about the alleged dates (2) intentionally or
knowingly (3) caused the penetration of the mouth and anus of (4) a child
younger than fourteen years of age and not married to appellant, (5) by
appellant=s sexual organ. 
See Tex. Pen. Code Ann.
' 22.021 (Vernon 2003).  

The testimony of a child victim alone is sufficient
to support a conviction for aggravated sexual assault.  Perez v. State, 113 S.W.3d 819, 838
(Tex. App.BAustin 2003, pet. ref=d).  A conviction of aggravated sexual assault Ais supportable on the uncorroborated testimony of
the victim of the sexual offense if the victim informed any person, other than
the defendant, of the alleged offense.@  Tex. Code Crim. Proc. Ann. art.
38.07(a) (Vernon 2005).  A third person
must be informed by the victim within one year of the alleged offense, except
if the victim is younger than seventeen years old or mentally challenged.  See id. art. 38.07(a), (b)(1).    








 The
unsophisticated language of a child is sufficient to support a conviction as
long as the child victim has sufficiently communicated to the trier of fact
that the offensive sexual touching occurred to a part of the body within the
definition of section 21.01 of the penal code. 
Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); see
Gallegos v. State, 918 S.W.2d 50, 54 (Tex. App.BCorpus Christi 1996, pet. ref=d).  The
testimony of a child victim of sexual abuse is given wide latitude by the
courts and the description of the sexual abuse need not be precise.  Villalon v. State, 791 S.W.2d 130, 134
(Tex. Crim. App. 1990).  Given this
latitude, no requirement exists that physical, medical, or other evidence be
proffered to corroborate the victim=s testimony.  
See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978).            

                                                    3.  Legal Sufficiency Analysis

By his fifth and sixth points of error, appellant
complains that the testimony of the child victim is legally insufficient to
support the jury=s findings that he penetrated the mouth and anus of
the child victim with his penis. 
Specifically, he contends the child victim=s
testimony was uncorroborated by (1) prompt outcry of molestation, (2) medical
and DNA evidence, or (3) eyewitness testimony of the alleged abuse.  Appellant argues that even with the child
victim=s testimony, the Abeyond
a reasonable doubt@ standard was not met.

As we previously stated, the testimony of a child
victim alone is sufficient to support a conviction for aggravated sexual
assault, Perez, 113 S.W.3d at 838; see Garcia, 563 S.W.2d at 928,
and uncorroborated testimony given by a child victim is sufficient to support a
finding of delinquency.  Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005).   Therefore, corroborating
evidence or testimony is not required to support the jury=s findings
that appellant penetrated the mouth and anus of the child victim with his penis.








Viewing the evidence in the light most favorable to
the verdict, we conclude that any rational trier of fact could have found
beyond a reasonable doubt all of the essential elements of the offense of
aggravated sexual assault of a child. 
Accordingly, we hold the evidence is legally sufficient to support the
jury=s finding that appellant committed two counts of
aggravated sexual assault of a child. 
Appellant=s fifth and sixth points of error are overruled.

                                                   4.  Factual Sufficiency Analysis

By his third and fourth points of error, appellant
contends the evidence is factually insufficient to support the jury=s findings that he penetrated the mouth and anus of
the child victim with his penis.  Specifically, he asserts the State failed to provide
corroborating medical evidence or eyewitness testimony of the alleged abuse.

Because the testimony of a child victim alone is
sufficient to support a conviction for aggravated sexual assault, Perez,
113 S.W.3d at 838; see Garcia, 563 S.W.2d at 928, and uncorroborated
testimony given by a child victim is sufficient to support a finding of
delinquency, Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005), corroborating
evidence or testimony is not required to
support the jury=s findings that appellant penetrated the mouth and
anus of the child victim with his penis.

Viewing all the evidence in a neutral light, we
conclude the evidence is not so weak as
to be clearly wrong and manifestly unjust and the verdict is not against the
great weight of the evidence.   Accordingly, we hold the evidence is factually
sufficient to support the jury=s finding that appellant committed two counts of
aggravated sexual assault of a child. 
Appellant=s third and fourth points of error are overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1] The first count alleged appellant
intentionally or knowingly penetrated the mouth of a person younger than
fourteen years of age with his sexual organ. 
The second count alleged the same offense as the first, except that it
alleged appellant penetrated the child victim=s anus.  See Tex.
Pen. Code Ann. ' 22.021(a)(1)(B)(I), (ii) (Vernon
2003).





[2] Appellant pleaded Atrue@ to the allegation that he
destroyed tangible property and the damages were more than $500 but less than
$1,500.  See Tex. Pen. Code Ann. ' 28.03(b)(3) (Vernon 2003).





[3] See Tex.
Fam. Code Ann. ' 51.03 (Vernon Supp. 2004‑05).