**Maxie Clinton JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00457–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1993.

Rehearing Denied Aug. 19, 1993.

Charles Freeman, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

**OPINION ON REMAND**

SEARS, Justice.

Appellant was convicted of delivery of a controlled substance. The jury assessed punishment at six years probation. On

original submission, Appellant brought thirty-nine points of error. In his thirty-second point, Appellant complained that the "trial court committed reversible error by overruling Appellant's objections to illegally obtained evidence." We found that the warrantless search of Appellant's home was unlawful, and that all evidence seized from the home was illegally obtained. The evidence found at the home included cocaine, a marked ten dollar bill, a shotgun and a pistol. We found that it was error for the Court to admit the *objected to* evidence. However, we affirmed the judgment because the error was harmless beyond a reasonable doubt. *Johnson v. State,* 846 S.W.2d 373 (Tex.App.—Houston [14th Dist.] 1992).

Appellant filed petition for discretionary review. The Court of Criminal Appeals found that we had failed to consider the admission of the "ten dollar bill" in our harmless error analysis. It remanded the cause to our court to "analyze the harm flowing from the erroneous admission of all of the evidence which was relevant to appellant's challenge." *Johnson v. State,* 853 S.W.2d 574 (Tex.Crim.App.1993). Upon review, we again affirm the trial court's judgment.

In his thirty-second point of error, Appellant complained of the trial court's "overruling Appellant's objections to illegally obtained evidence." During trial, Appellant only objected to the admission of the cocaine, the shotgun and the pistol on the grounds that they were the fruits of an illegal search and seizure. The ten dollar bill was never offered into evidence because it was lost, and State's Exhibit No. One, a photocopy of the bill, was offered instead. Appellant **never** objected to the admission of State's Exhibit No. One on the basis that it had been illegally obtained. Appellant's sole objection to the admission of the *copy* of the ten dollar bill was that it violated "Rule 1003." Appellant raised the question of the admissibility of the photocopy in his original appeal in his thirtieth point of error when he claimed that "the trial court committed reversible error by overruling Appellant's objections to State's

Exhibit No. One under Rule 1003." We addressed and overruled that point of error, and the Court of Criminal Appeals denied petition on that ground. Therefore, the question concerning the admissibility of the *photocopy* of the ten dollar bill has been made final, and the copy was properly admitted into evidence.

In summary, the "ten dollar bill" did not enter into our harm analysis because Appellant never objected to the admission of the photocopy on the ground that the bill had been illegally obtained. Error in the admission of illegally seized evidence is waived when no objection is made. *Russell v. State,* 665 S.W.2d 771, 778 (Tex.Crim.App.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). Because the photocopy had been properly admitted into evidence, we did not consider it in applying a harm analysis. We again decline to consider properly admitted evidence in a harmless error analysis. Further, we cannot review the harm caused by the "ten dollar bill" as requested in the remand, because the ten dollar bill itself was never admitted into evidence, and because State's Exhibit No. One was not included in the point of error dealing with illegally seized evidence, and no objection based on illegal seizure was ever made in connection with the photocopy of the ten dollar bill.

Accordingly, we again affirm the trial court's judgment.