**Maxie Clinton JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1166–93.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1994.

Charles Freeman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Rikke Burke and Craig Goodhart, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by a jury of delivering less than twenty-eight grams of cocaine. Tex.Health and Safety Code Ann. § 481.102(3)(D) and § 481.112(a). The jury assessed punishment at six years confine-

ment, probated. Tex.Health & Safety Code Ann. § 481.112(d)(1). The Court of Appeals affirmed. *Johnson v. State*, 846 S.W.2d 373 (Tex.App.—Houston [14th Dist.] 1992) (*Johnson I*). On discretionary review, we held the Court of Appeals erred in failing to consider all of the evidence in assaying the harm resulting from the introduction of evidence obtained from an illegal search and seizure. We then remanded the case to the Court of Appeals to conduct another harm analysis. *Johnson v. State*, 853 S.W.2d 574, 575 (Tex. Cr.App.1993) (*Johnson II*). However, on remand, the Court of Appeals held it was unnecessary to consider a portion of the evidence obtained from the illegal search and seizure because appellant had waived his complaint to its admission. *Johnson v. State*, 857 S.W.2d 812 (Tex.App.—Houston [14th Dist.] 1993) (*Johnson III*). We granted appellant's petition for discretionary review to address the correctness of that holding.[1] Tex.R.App.P. 200(c)(2). We will again remand.

## I.

Appellant was arrested in the course of an undercover narcotics investigation by the Houston Police Department's Southeast Tactical Unit Raid Team. D.G. Davis, an undercover narcotics officer, approached appellant's residence while members of the Raid Team waited in a van a few blocks away. After appellant answered Davis' knock on the door, Davis stated that he wanted to purchase "a dime," which is street slang for cocaine. Appellant instructed Ronald Harden to get Davis "what he wanted." Harden then retrieved a matchbox containing cocaine

and gave it to Davis, who paid Harden with a previously photocopied ten dollar bill. Davis returned to his car and radioed the Raid Team that he had made a narcotics purchase.

The Raid Team approached appellant's residence and used a battering ram to break down the door and gain entry. Inside, the Raid Team discovered appellant standing next to the kitchen stove upon which lay crack cocaine. A search of the residence also revealed a small amount of marihuana and two weapons. A raid team officer searched appellant and retrieved from appellant's pocket the ten dollar bill which Davis had used to purchase the cocaine.

Appellant was charged with delivery of cocaine. Tex.Health & Safety Code Ann. § 481.112(a). While examining Davis concerning his purchase of the cocaine, the State introduced into evidence a photocopy of the ten dollar bill (apparently, the original had been lost). Appellant objected to the introduction of the photocopy as being improperly authenticated but the objection was over-ruled. Davis testified he handed the ten dollar bill to Harden after receiving the cocaine. Harden, the State's accomplice witness, testified that he gave the ten dollar bill to appellant after Davis left. The State also presented testimony by police officers who conducted the raid on appellant's residence. Immediately prior to their testimony, appellant objected to their testimony concerning the raid, and the evidence obtained therefrom, as fruits of an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution and art. I, § 9

---

1. Appellant's grounds for review state:

Ground For Review No. One From Remand
The Court of Appeals erred by failing "to analyze the harm flowing from the erroneous admission of all of the evidence which was relevant to appellant's challenge which was seized and admitted before the jury."

Ground For Review No. Two From Remand
The Court of Appeals erred by finding beyond a reasonable doubt that the trial court's erroneous admission of illegally obtained evidence made no contribution to appellant's conviction: "In this case we must determine whether the jury found the appellant guilty because of evidence that a shotgun, pistol and cocaine [and 'the ten dollar bill'] were found at the scene of the arrest."

Ground For Review No. Three From Remand
The Court of Appeals erred by finding beyond a reasonable doubt that the trial court's erroneous admission of illegally obtained evidence made not contribution to appellant's conviction: "The testimony concerning the weapons and the seized cocaine [and 'the ten dollar bill'] was not tied to the delivery, but only to the arrest."

Ground For Review No. Four From Remand
The Court of Appeals erred by finding beyond a reasonable doubt that the trial court's erroneous admission of illegally obtained evidence made no contribution to appellant's conviction: "The proof of appellant's guilt of the crime with which he was charged was overwhelming."

of the Texas Constitution. However the trial judge overruled the objections. The Raid Team officers subsequently testified that a search of appellant produced the ten dollar bill which Davis used to purchase the cocaine from Harden. The State also introduced evidence seized during the raid consisting of cocaine, a sawed-off shotgun, a pistol and marihuana. During this testimony, appellant made several unsuccessful objections to the testimony and evidence on the grounds of illegal search and seizure.

## II.

On direct appeal, appellant contended the trial judge erred "in admitting evidence of the cocaine, the pistol, the shotgun and the ten dollar bill taken from the home." *Johnson I*, 846 S.W.2d at 377. The Court of Appeals agreed, finding "the initial entry into the home was unlawful, and therefore, *all* evidence seized at the scene of the arrest was illegally obtained. It was error for the [trial judge] to admit the evidence."[2] *Johnson I*, 846 S.W.2d at 378. Nonetheless, the court held the admission of the evidence was harmless because:

> It is important to remember that Appellant was tried for delivery of cocaine. All elements of the delivery were established by the State's first two witnesses, Officer Davis and Ronald Harden. Neither witness testified about the weapons or cocaine seized at the scene. The testimony concerning the weapons and seized cocaine was not tied to the delivery but only to the arrest. The proof of Appellant's guilt of the crime which he was charged was overwhelming. We do not believe that the admission of the seized evidence influenced the jury's determination of guilt for delivery of cocaine. Therefore, we find beyond a reasonable doubt that the error made no contribution to the conviction.

*Johnson I*, 846 S.W.2d at 378–379.

We held on appellant's original petition for discretionary review that the Court of Appeals failed to consider all the evidence in conducting its harm analysis because the court did not consider the ten dollar bill seized from appellant. *Johnson II*, 853 S.W.2d at 575. We then remanded the case for reconsideration of all the seized evidence.

On remand, the Court of Appeals held consideration of the ten dollar bill was *not* necessary because appellant waived his complaint to the admission of a photocopy of the ten dollar bill. *Johnson III*, 857 S.W.2d at 813. The court reasoned that since appellant objected to the photocopy only on the ground of improper authentication and not on the ground of illegal search and seizure, appellant's complaint was waived and the court was not required to consider the ten dollar bill among the other illegally seized evidence. *Id.*

## III.

As a preliminary issue, we must determine whether appellant waived his complaint to the admission of the photocopy of the ten dollar bill on the ground that it was the product of an illegal search and seizure.

It is now axiomatic that in order to preserve an error in the admission of evidence for appellate review, a defendant must make a timely objection. *Sattiewhite v. State*, 786 S.W.2d 271, 283 (Tex.Cr.App.1989); *Thompson v. State*, 691 S.W.2d 627, 635 (Tex. Cr.App.1984), *and*, Tex.R.App.P. 52(a). An objection is timely if it is raised as soon as the ground of objection becomes apparent, *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Cr.App.1991), *and*, *Polk v. State*, 729 S.W.2d 749, 753 (Tex.Cr.App.1987), that is, "as soon as the defense knows or should know *that an error has occurred.*" *Hollins v. State*, 805 S.W.2d 475, 476 (Tex.Cr.App.1991). While as a general rule, the proper time for an objection is when the evidence is admitted, *Wilson v. State*, 511 S.W.2d 531, 532 (Tex.Cr.App. 1974), this rule assumes the evidence is objectionable at the time of its admission. The Rules of Evidence, however, contemplate that some evidence may be inadmissible for one purpose yet admissible for another. *See*, Tex.R.Crim.Evid.Rule 105, *and*, Rule 404(a) and (b). Moreover, in some circumstances, the grounds for objection are not present until after the evidence is admitted. *See*,

---

**2.** All emphasis is supplied unless otherwise indicated.

*Sierra v. State,* 482 S.W.2d 259, 262–263 (Tex.Cr.App.1972).[3] Consequently, the proper time for an objection may not arise until after the evidence has been admitted. *Sierra, supra.*

In *Holland v. Riggs,* 116 S.W. 167, 172 (Tex.Civ.App.1909, writ ref'd), the Court of Civil Appeals explained:

> ... [I]t is the duty of the party objecting to the admission of testimony to make his objection known, together with the reasons upon which they are based, at the time the testimony is offered. *This, however, is subject to the qualification that he may subsequently move to exclude the testimony upon discovering its inadmissibility, if this is not disclosed when offered.*

■ More recently, the Amarillo Court of Appeals addressed this issue in *Knox v. State,* 722 S.W.2d 793 (Tex.App.—Amarillo 1987). Following his arrest for DWI, the police began videotaping Knox during his jail booking. Knox twice requested an attorney during the booking but none was provided. The police continued videotaping Knox after his booking and taped him performing a field sobriety test. At trial, Knox's attorney did not object to the introduction of the videotape into evidence. *Id.,* at 794. However, when the showing of the videotape revealed Knox had invoked his right to counsel, Knox's attorney objected " 'to the audio portion of the tape being left on' since appellant had invoked his Fifth Amendment rights." *Id.* The trial judge overruled the objection as untimely. However, the Amarillo Court of Appeals held appellant's objection was timely:

> Although the general rule of evidence is that an objection, to be viable, must be made when the evidence is offered, the rule is subject to the qualification that the objection is timely made when the inadmissibility of the evidence, undisclosed upon

offer, becomes apparent. ... *Sierra v. State,* 482 S.W.2d 259, 262–263 (Tex.Cr. App.1972). Appellant's objection was timely under the qualification to the general rule. This obtains because when the tape was offered under the predicate laid, no objection to its admissibility was indicated. *See,* Tex.Code Crim.Proc.Ann. art. 38.22, § 3, 4 (Vernon Supp.1986). But when the taping revealed that appellant invoked his right to counsel, the lack of the article 38.22 predicate for the admissibility of the tape was disclosed, and the objection promptly lodged at that point was timely.

*Knox,* 722 S.W.2d at 794–795. *See also,* 1 Ray, Texas Practice: The Law of Evidence Civil and Criminal § 24, at 28–29 (3rd ed. 1980); 1 Goode, Wellborn and Sharlot, Texas Practice: Guide to the Rules of Evidence: Civil and Criminal § 103.2, at 18 (2nd ed. 1993), *and,* McCormick, Evidence § 52, at 127 (3rd ed. 1984). Thus, a complaint is not waived as to evidence which is properly admitted but for which the ground of inadmissibility later arises.

### IV.

■ Under the exclusionary rule of the Fourth Amendment, evidence which is obtained as the result of an illegal arrest may be suppressed by a defendant. *Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963) (citing *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), *Boyle v. State,* 820 S.W.2d 122, 130 (Tex.Cr.App.1989), *and, Hill v. State,* 692 S.W.2d 716, 722 (Tex.Cr.App. 1985). The exclusionary rule also extends to "testimony as to matters observed during an unlawful invasion ..." *Wong Sun,* 371 U.S. at 485, 83 S.Ct. at 416. Nevertheless, it is clear that before evidence can be suppressed as the product of an illegal arrest, there must

---

3. In *Sierra,* the police held the defendant in a bail bond office while the complainant identified him. Following that identification, Sierra was moved to the sheriff's department where the complainant's husband also made an identification. At trial, Sierra did not object to the husband's identification testimony. However, when the State later introduced the complainant's identification testimony, Sierra objected that the identification was conducted in violation of *Gilbert v. Califor-*

*nia,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). *Sierra,* 482 S.W.2d at 262. We held Sierra's failure to object to the husband's testimony did *not* preclude his objection to the complainant's testimony because it was not evident until her testimony that the identification of Sierra violated *Gilbert.* Thus, it was not clear until the complainant testified that the identification testimony was inadmissible. *Sierra,* 482 S.W.2d at 262–263.

actually be an arrest or equivalent conduct on the part of the police. For the purposes of the Fourth Amendment, a person is seized, *i.e.*, arrested, only when he has been restrained by means of physical force or has submitted to a show of authority. *California v. Hodari D.*, 499 U.S. 621, 623–26, 111 S.Ct. 1547, 1549–1550, 113 L.Ed.2d 690 (1991); *and, United States v. Mendenhall*, 446 U.S. 544, 553–554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980).[4] Similarly, Tex.Code Crim.Proc.Ann. art. 15.22 provides a "person is arrested when he has been actually placed under restraint or taken into custody." *Dancy v. State*, 728 S.W.2d 772, 776 (Tex.Cr.App. 1987) (quoting Art. 15.22); *Brewster v. State*, 606 S.W.2d 325, 327 n. 6 (Tex.Cr.App.1980); *and, Amores v. State*, 816 S.W.2d 407, 411 (Tex.Cr.App.1991) ("An arrest occurs when a person's liberty of movement is restricted or restrained.").

■ In the instant case, the photocopy of the ten dollar bill was admitted during testimony concerning the purchase of the cocaine. Davis testified he handed the ten dollar bill to Harden after receiving cocaine from Harden. Because the photocopy of the ten dollar bill was admitted at a point in the testimony relating to the purchase of the cocaine, an event which occurred *prior* to appellant's arrest, the evidence *at that point* was *not* the product of an illegal arrest. *See, Hodari D.*, 499 U.S. at 629–30, 111 S.Ct. at 1552 (cocaine discarded by defendant prior to his physical seizure by police was not fruit of a poisonous tree because no arrest had occurred). *See also, Wussow v. State*, 507 S.W.2d 792, 793 (Tex.Cr.App.1974) (defendant's statements to police and exposure of concealed pistol made prior to arrest were admissible into evidence).

However, evidence relating to the ten dollar bill became objectionable when the State elicited testimony and presented evidence seized at the scene of the arrest. As previously noted, the Court of Appeals held that "*all evidence* seized at the scene of arrest was illegally obtained." *Johnson I*, 846 S.W.2d at 378. Accordingly, only the testimony and evidence relating to the actual raid was excludable. *Wong Sun*, 371 U.S. at 485, 83 S.Ct. at 416. Consequently, appellant did not waive error by failing to object on the basis of an illegal search and seizure prior to this point in the trial. *Sierra*, 482 S.W.2d at 262–263; *Knox*, 722 S.W.2d at 794–795, *and, Holland*, 116 S.W. at 172.

## V.

■ We must now determine whether the Court of Appeals erred in excluding the evidence and testimony relating to the ten dollar bill from the harm analysis. In *Johnson II*, 853 S.W.2d 575, relying on our decision in *Esteves v. State*, 849 S.W.2d 822 (Tex.Cr. App.1993), we answered this issue in the affirmative. In *Esteves*, we held that where a Court of Appeals "reviews a case without considering all the relevant evidence, we will remand the cause for a new factual determination which takes into account all such material." *Id.*, 849 S.W.2d at 824–825. While the court in *Johnson I* concluded none of the illegally seized evidence contributed toward appellant's conviction, *Id.*, 846 S.W.2d at 378–379, it is clear from the record that the jury considered the evidence of the ten dollar bill in its deliberations.[5] Consequently, the Court of Appeals must determine to what extent the jury's consideration of the photocopy of the ten dollar bill and of the testimony concerning the ten dollar bill contributed to the verdict.

Because the Court of Appeals did not consider all the evidence seized from appellant's residence following the raid, we again re-

---

4. The determination of when a person has been seized is inherently a factual question, and is difficult to define, particularly where no physical restraint is applied. In *Mendenhall*, the Supreme Court explained:

   ... a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave.

   *Id.*, 446 U.S. at 554, 100 S.Ct. at 1877.

5. The Record contains a request by the jury to review testimony by appellant and by one of the officers participating in the raid concerning the retrieval of the ten dollar bill from appellant following his arrest.

mand this case to that court for a complete harm analysis.

CLINTON, J., concurs in the result.