TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00369-CR







Timothy Nealy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0942458, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant Timothy Nealy appeals from his conviction for aggravated robbery. Tex.
Penal Code Ann. § 29.03 (West 1994). The trial court assessed appellant's punishment, enhanced
by proof of two prior felony convictions, at imprisonment for thirty-five years. In seven points
of error, appellant complains that the evidence is insufficient to support the jury's verdict, that the
trial court erred in refusing to grant his motions for continuance and judgment notwithstanding
the verdict, and that he did not receive effective assistance of counsel. We will affirm the
judgment.

 In his seventh point of error, appellant asserts that the evidence is insufficient to
show his guilt of aggravated robbery. In reviewing a challenge to the sufficiency of the evidence,
the standard is whether, after reviewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d
885, 888 (Tex. Crim. App. 1994).

 Appellant argues that the evidence is insufficient to show that he caused or
threatened serious bodily injury or death, exhibited a deadly weapon, or encouraged or aided
another to commit the offense. Therefore, he urges that, at best, the evidence shows he is guilty
of robbery, not aggravated robbery. The testimony of both the victim and a witness, Dayan
Smith, shows that two men committed the offense. Although the victim could not identify
appellant, Smith identified appellant as one of the two robbers. The victim testified that one of
the robbers struck him in the head with a brick and the other robber shouted, "Kill him, kill him." 
This testimony would allow the jury to find either of the robbers guilty of aggravated robbery and
to reject appellant's contention that it was the same robber who struck the victim with the brick
that shouted, "Kill him, kill him." The evidence is sufficient to sustain the jury's verdict that
appellant is guilty of aggravated robbery. Appellant's seventh point of error is overruled.

 In point of error six, appellant declares that his conviction is void because his
identification by an eyewitness was obtained through suggestive means. Dayan Smith, the
eyewitness, was shown a display of six photographs. She testified that she was "able to pick him
[appellant] out right away." Appellant claims that in the police file was a photograph of appellant
which had "a unique mark" on the back. However, as appellant acknowledges, Smith testified
she did not look into the folder. There is no evidence that she saw a mark on the back of
appellant's photograph even though it may have been there. The basis for appellant's claim has
no factual support in the record. Appellant's sixth point of error is overruled.

 In his first three points of error, appellant insists that the trial court erred in
refusing to grant his motions for continuance. In these motions, appellant urged that his trial
counsel had not been given sufficient time to prepare for trial because he had not been furnished
timely the record of a pretrial proceeding in which another attorney had represented appellant. 
The record shows that trial counsel was furnished the pretrial record late the night before the trial
started. However, the trial court did not start receiving evidence until after counsel had read the
pretrial record. The appellate record shows and appellant admits that his motions for continuance
were oral motions. To preserve for appellate review matters raised in a motion for continuance
the motion must be in writing and sworn. Tex. Code Crim. Proc. Ann. art. 29.03, 29.08 West
1989). Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); Montoya v. State,
810 S.W.2d 160, 176 (Tex. Crim. App. 1989); Porter v. State, 623 S.W.2d 374, 381 (Tex. Crim.
App. 1981). Moreover, facts and documents essential to appellant's argument are supplied by
counsel's affidavit and documents attached to appellant's appellate brief. These facts and
documents are not in the record. Affidavits and documents attached to appellate briefs may not
be considered on appellate review. Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim. App.
1981); Garrett v. State, 566 S.W.2d 605, 609 (Tex. Crim. App. 1978); Grant v. State, 505
S.W.2d 259, 260 (Tex. Crim. App. 1974); Bowler v. State, 822 S.W.2d 334, 334 (Tex. App.--San
Antonio 1992, pet. ref'd). Furthermore, it appears that appellant's motion for new trial was
overruled by operation of law without a hearing. Therefore, appellant has not demonstrated by
his motion for new trial that he was harmed by the overruling of his motions for continuance. 
Appellant's first three points of error are overruled.

 In his fifth point of error, appellant protests that the "trial court erred in denying
his motion for judgment notwithstanding the verdict." When the police officers were investigating
the instant robbery, they were also investigating another robbery which was committed a short
time later. Defense counsel cross-examined police officer Steve Hamblin asking him whether he
had asked Sherry Nash, a participant in the second robbery, if appellant was involved in the first
robbery. Officer Hamblin testified that he had not asked Sherry Nash about appellant's
participation in the first robbery. Defense counsel then asked, "Don't you think that she [Sherry
Nash] would have personal knowledge that had the capacity to exonerate him [appellant as a
participant in the instant case]?" Officer Hamblin answered, "No sir. The man [appellant]
admitted to me that he was there and what he did. He gave a confession to what he did." When
counsel then asked if he could see the confession, Officer Hamblin replied that it was oral. Then
counsel objected and asked that the testimony be stricken. The trial court sustained the objection
and promptly admonished the jury to disregard the testimony. Appellant obtained all the relief
he requested and did not ask for a mistrial. The guilt-innocence phase of the trial was completed
and the jury's verdict was received. The next day during the punishment phase of the trial,
appellant complained of Officer Hamblin's nonresponsive answer and moved for "judgment
notwithstanding the verdict."

 It is axiomatic that to preserve an error in the admission of evidence for appellate
review, a defendant must make a timely objection. Tex. R. App. P. 52; Johnson v. State, 878
S.W.2d 164, 167 (Tex. Crim. App. 1994). An objection is timely if it is raised as soon as the
ground of objection becomes apparent. Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App.
1991); that is, as soon as the defense knows or should know that an error has occurred, Hollins
v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). Moreover, a defendant must pursue his
objection until he receives an adverse ruling to preserve his point for review. Harris v. State, 784
S.W.2d 5, 12 n.4 (Tex. Crim. App. 1989); Johnson v. State, 878 S.W.2d at 167. No error is
preserved if a defendant receives all the relief he requests. Johnson v. State, 604 S.W.2d 128,
132 (Tex. Crim. App. 1980); Nichols v. State, 504 S.W.2d 462, 464 (Tex. Crim. App. 1974). 
At the time the claimed error occurred, appellant's objection was not timely. Furthermore,
appellant received all of the relief he requested at that time. The motion for "judgment
notwithstanding the verdict" made a day after the claimed error occurred was too late to preserve
the alleged error for review. Appellant's fifth point of error is overruled.

 In his fourth point of error, appellant urges that his "conviction is void because
counsel was unable to render effective assistance of counsel." After appellant was represented
by appointed counsel at the pretrial identification hearing, appellant employed trial counsel who
also represents appellant on appeal. Appellant's argument in this point of error, like his argument
in his first three points of error, is largely based on counsel's affidavit and the documents attached
to his appellate brief. We may not properly consider the affidavit or the documents. Appellant
also argues speculative matters concerning counsel's investigation of the offense and his failure
to file pretrial motions. One example of these speculative actions which appellant says counsel
might have pursued, is that counsel could have "even subpoenaed an ophthalmologist to test her
[the eyewitness's] eyesight in court. The eyewitness's evasive answers concerning her eyesight
were vital to appellant's case." Appellant has made no attempt to show how the failure of counsel
to pursue the suggested speculative matters harmed appellant or how the result of the trial would
have been different.

 To show ineffective assistance of counsel, appellant must show that: (1) trial
counsel's performance was deficient, in that counsel made such serious errors that he was not
functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such
a degree that appellant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); O'Hara v. State, 837
S.W.2d 139 (Tex. App.--Austin 1992, pet. ref'd). Counsel's performance is to be judged by the
"totality of representation" provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d
48, 54 (Tex. Crim. App. 1986). In deciding an ineffective-assistance claim, this Court must judge
the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at
the time of counsel's conduct--not by hindsight. We must then determine, in light of all the
circumstances, whether the acts or omissions are outside the wide range of professionally
competent assistance. Strickland, 466 U.S. at 690. Appellant bears a heavy burden to prove his
ineffective-assistance claim. Counsel is strongly presumed to have provided adequate assistance
and to have made all significant decisions in the exercise of reasonable professional judgment. 
Id. We must not look at the errors of counsel in a vacuum. As a general rule, isolated instances
in the record reflecting errors of omission or commission do not necessarily render counsel's
representation ineffective. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992);
Ex parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd). In determining
whether appellant had ineffective assistance of counsel, an appellate court must make an
independent judgment based on mixed questions of law and fact. Ex parte Owens, 860 S.W.2d
at 729 (Tex. App.--Austin 1993, pet. ref'd). We have examined the record in light of the
applicable law and conclude that under the record before us the totality of trial counsel's
representation of appellant was well within the standard required by Strickland. Appellant's
fourth point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Aboussie and Dally*

Affirmed

Filed: January 10, 1996

Do Not Publish










* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



 overruled.

 In his fourth point of error, appellant urges that his "conviction is void because
counsel was unable to render effective assistance of counsel." After appellant was represented
by appointed