NO.
12-06-00293-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JEFFERSON
M. MOORE, JR.,      §                      APPEAL FROM THE 7TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Jefferson
Moore, Jr. appeals from his conviction for aggravated sexual assault of a
child.  In three issues, he argues that
the trial court should have granted his motion for a mistrial and that the
trial court should not have admitted certain evidence.  We affirm.

 

Background

            Because Appellant does not contest
the sufficiency of the evidence, we will briefly state the facts that support
the conviction.  Appellant ran a day care
center in Dogwood City, outside of Tyler, Texas.  The complaining witness is a girl who was
eight years old at the time of trial and had been a student at Appellant’s
center.  She reported that Appellant had
penetrated her sexual organ with his finger and penetrated her anus with his
penis.  She was examined by a nurse.  The examination revealed an abrasion on her
anus consistent with the report.

            Appellant was indicted for the
felony offense of aggravated sexual assault of a child.  He pleaded not guilty, and a jury trial was
held.  The jury found him guilty.  After a separate punishment hearing, the jury
assessed punishment at life imprisonment. 
This appeal followed.

 

Motion for Mistrial

            In his first issue, Appellant argues
that the trial court should have granted his motion for a mistrial.  While his attorney was talking with a
potential juror during his voir dire examination, Appellant turned to the trial
court judge and told him that he felt faint. 
The trial court summoned the lawyers to the bench and then excused the potential
jurors.  Appellant’s counsel told the
court that he heard jurors laughing at his client and belittling whatever it
was that happened to him and moved for a mistrial.  The court stated that it was watching the
jurors as they left the courtroom, and that its observation was different.[1]  The court took the matter under
advisement.  The next morning, following
the arguments of counsel, the trial court overruled Appellant’s motion for a
mistrial.

            We review a trial court’s ruling on
a motion for a mistrial for an abuse of discretion.  See Wead v. State, 129
S.W.3d 126, 129 (Tex. Crim. App. 2004) (citing Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999)). 
Appellant now asks this court to remand this matter for an evidentiary
hearing to determine if any of the jurors made disparaging comments about him
and whether the comments caused bias or prejudice.  This request is in the nature of an admission
that no such evidence is in the record. 
Appellant was given an opportunity to offer evidence the following
morning and never asked the trial court to gather or receive the kind of
evidence Appellant now wishes to have in the record.  Nor was this type of evidence offered in a
motion for new trial.  In his reply
brief, Appellant states that the “true issue is whether the trial court erred
in failing altogether to investigate the alleged misconduct.”  Appellant never requested this relief from
the trial court.  The trial court would
have been within its rights to inquire of the potential jurors about what they
saw or said, but we are not convinced that it was required to do so.

            The trial court observed the
incident and took careful measures to protect Appellant when he indicated that
he had become ill.  The trial court
watched the jurors as they left the courtroom and did not hear or see any
discussions that caused it concern.  In
fact, the trial court stated that it had escorted the jurors out and its
impression was that the potential jurors appeared to be genuinely concerned for
Appellant.  Appellant has not shown that
the trial court abused its discretion. 
We overrule Appellant’s first issue.

 

Videotaped Statement of the Complaining
Witness

            In his second issue, Appellant
argues that the trial court erred when it admitted the hearsay statements of
the complaining witness.  Specifically,
he argues that a videotaped statement of the complaining witness should not
have been admitted because he was denied his right to cross examine her and
because the trial court did not follow the proper procedures for the admission
of hearsay statements of child victims of sexual assault.

Facts

            The eight year old complaining
witness testified.  During her direct
testimony, she asked to take a break. 
Shortly after her testimony resumed, the witness lost her composure, and
the trial court determined that she was not able to continue.  Because the witness could not continue, the
trial court suggested that Appellant be permitted to cross examine her via
closed circuit television or that the parties conduct a videotaped
deposition.  A videotaped deposition was
settled upon and was to occur the following morning.  In the interim, the State offered a
videotaped statement of the complaining witness.  Appellant did not object.

            The following morning the parties
attempted to take the complaining witness’s deposition.  She was examined on direct examination, and
Appellant’s counsel had begun to cross examine her.  During the cross examination, or during a
break, the witness lost her composure and was unable to regain it.  The trial court found her to be unavailable
and, with the agreement of the parties, ordered that the incomplete deposition
not be admitted.

Analysis

            Appellant did not object when the
videotape was admitted.  To preserve a
complaint for appeal, a defendant must object, state the grounds for the
objection with sufficient specificity, and obtain an adverse ruling.  Tex.
R. App. P. 33.1 (a)(1)(A); Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002).  Because of
the unusual factual scenario presented, we agree with Appellant that his
failure to object when the taped interview was offered did not necessarily
waive the present complaints.  At the
time the tape was offered, Appellant anticipated that the complaining witness
would be available for cross examination the following morning.

            While conducting the videotaped
deposition, it became clear to the parties that the witness was unlikely to be
able to continue.  Confronting this
possibility, the trial court asked Appellant’s counsel if he had sufficient
time to consult with his client and asked for “any proposals on the Defense
side.”  Counsel said he had had enough
time, and the following colloquy occurred:

 

                [Appellant’s Counsel]:        No, except that based on [the prosecutor’s
report] to the Court about [the complaining witness’s] emotional condition, if
you’re inclined to exclude her video testimony [the deposition] then I concur
with that.  That’s what I’d like for you
to do.

                

                                The Court:            In other words, you, the Defense,
would not seek to have me show the jury what we have been able to get; it’s
either finish with her, which we’re not going to be able to do, or show them
nothing?

 

                [Appellant’s Counsel]:        Correct, because I haven’t finished my
cross–examination.

 

                                                            

            The court then found the witness to
be unavailable and recited that it had previously admitted the oral statement,
the videotaped statement, of the complaining witness.  Counsel had discussed the fact that he had
been unable to complete his cross examination of the complaining witness, and
the present Confrontation Clause complaint was ripe at that point.  See Johnson v. State, 878
S.W.2d 164, 167–68 (Tex. Crim. App. 1994)(“An objection is timely if it is
raised as soon as the ground of objection becomes apparent . . . that is, as
soon as the defense knows or should know that an error has occurred.”); Sierra
v. State, 482 S.W.2d 259, 262–63 (Tex. Crim. App. 1972).  Furthermore, any trial court error in the
application of Texas Code of Criminal Procedure, Articles 38.071 and 38.072 was
ripe.  Appellant did not raise an
objection on either basis.  The only
relief Appellant sought was the exclusion of the partially completed videotaped
deposition.  That relief was
granted.  Appellant’s failure to raise
the present complaints when it was clear that the witness would not be
available for cross examination waived these complaints.[2]  We overrule Appellant’s second issue. 

 

Extraneous Misconduct

            In his third issue, Appellant argues
that the trial court erred in admitting the portions of the videotaped
interview of the complaining witness where she said that Appellant sexually
assaulted another girl.  Appellant argues
that the statements should not have been allowed since he was not permitted to
cross examine the other girl because she did not testify and that the evidence
was not admissible under Texas Rule of Evidence 404(b).

            Appellant’s counsel stated that he
did not object when the videotape was first offered.  However, counsel did object to the portions
of the videotape, based on Rule 404, while it was playing.  The trial court overruled those
objections.  Because Appellant did not
object on the grounds that he was unable to cross examine the other girl, that
complaint is waived.  See Tex. R. App. P. 33.1(a)(1)(A).  

            Any error in the trial court’s Rule
404 ruling is harmless because Appellant failed to object to other instances of
testimony about the sexual assault of the other girl.  After the videotape had been played, the
detective testified that the complaining witness said the same thing (a sexual
assault) had happened to the other girl. 
Appellant did not object.  The
State offered an audiotape of an interview of the other girl in which she
described Appellant’s sexual assault on her. 
Appellant’s counsel stated that he had no objection to that tape.[3]  

            Assuming that Appellant’s Rule 404
objection was timely, and even if it was error to admit these portions of the
videotape, both notions the State disagrees with, any error is harmless because
Appellant did not object when the evidence was offered in another form.  See Saldano v. State, No.
AP-72,556, 2007 Tex. Crim. App. LEXIS 698, at *58–59 (Tex. Crim. App. June 6,
2007); Leday v. State, 983 S.W.2d 713, 717–19 (Tex. Crim. App.
1998).  We overrule Appellant’s third
issue.

 

Disposition

            Having overruled Appellant’s three
issues, we affirm the judgment of the trial court.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered September 5,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] When discussing the
matter the trial court said the following:

 

Well,
there was a lot of discussion as the panel was leaving as I had to usher them
out.  I did not see or observe anything
along the lines of what you just said you observed.  I did see a lot of people talking.  I saw a lot of prospective jurors looking
back up here.  I think, at least the ones
I observed, had a serious concern of how [sic] [Appellant] was doing.  I didn’t see any laughing or pointing – – I
didn’t hear any of the comments that you’ve indicated that you heard.





[2] In one sentence in his reply brief, Appellant asserts that his
Confrontation Clause claim can be reviewed under a “plain error” standard.  We presume Appellant is claiming that any
error is structural or fundamental.  See,
e.g., Garrett v. State, 220 S.W.3d 926, 931 (Tex. Crim.
App. 2007); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984).  As Appellant candidly
recognizes, Texas courts have found Confrontation Clause claims to be
waivable.  See Paredes v.
State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Deener v.
State, 214 S.W.3d 522, 527–28 (Tex. App.–Dallas 2006, pet. filed); Bunton
v. State, 136 S.W.3d 355, 368–69 (Tex. App.–Austin 2004, pet. ref’d); Vinson
v. State, 221 S.W.3d 256, 261 (Tex. App.–Houston [1st Dist.] 2006, pet.
granted); see also Mallory v. State, 752 S.W.2d 566, 569
(Tex. Crim. App. 1988) (“Although the right of confrontation is vital to an
ordered criminal justice system and of constitutional magnitude, it is none the
less a trial right.”).  Appellant
provides no authority, and we have not found any, to suggest that the right to
confrontation cannot be waived and that this complaint is amenable to a
structural or fundamental error analysis. 
C.f. Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App.
1996) (admission of hearsay not subject to fundamental error analysis); Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (any error in
admission of videotape waived by lack of objection).





[3] In a hearing just before the tape was offered, counsel did object to
the tape on the grounds that the girl being interviewed mentioned an assault on
yet another young girl.  He did not
object on the grounds that the tape contained information about the assault on
the girl being interviewed.