COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-055-CR

 

 

MARTIN MUNANU KARIUKI                                                  APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Introduction

Appellant Martin Munanu Kariuki appeals his
conviction for driving while intoxicated. 
See Tex. Penal Code Ann. ' 49.04
(Vernon 2003).  In two points, appellant
contends that the jury=s verdict was based on
misleading testimony regarding standardized field sobriety testing.  We affirm.  









Background Facts

On February 8, 2007, the Tarrant County District
Attorney=s Office
filed  an information charging appellant
with driving while intoxicated.  Before
appellant=s trial began in November 2007,
he entered a plea of not guilty. 
Following the voir dire examination of the jury panel, the trial court=s
swearing of the jury, and the State=s
opening argument, the State called the trial=s only
witnessCKeller
Police Department Lieutenant Robert Enckhausen. 

Lieutenant Enckhausen, who had worked for the
Keller Police Department for thirteen years at the time of trial, briefly
recited his career background and explained that he had been specially trained
in standardized field sobriety testing. 
He then testified to the following facts.

In the early morning of December 8, 2006,
Lieutenant Enckhausen saw a Jaguar ahead of him traveling very fast and weaving
in and out of traffic. After stopping in the middle of an intersection, the
Jaguar went north in a southbound lane and made an illegal turn.  Lieutenant Enckhausen turned on the overhead
lights of his patrol car, and the Jaguar pulled into a gas station parking lot,
stopping in the middle of two parking spaces. 
While identifying appellant as the driver, Lieutenant Enckhausen noticed
that appellant=s eyes were bloodshot and
watery.  Appellant stated that he had
been at a bar but that he drank only one beer. 








As appellant came out of the car, he swayed,
slurred his words, and smelled like alcohol. 
Based on these conditions, Lieutenant Enckhausen decided to conduct
standardized field sobriety tests.  After
completing the horizontal gaze nystagmus (HGN) test,[2]
Lieutenant Enckhausen attempted to complete the other standardized tests (the
walk-and-turn test and the one-leg-stand test), but appellant refused to
participate.  Upon concluding that
appellant was intoxicated, Lieutenant Enckhausen arrested him and took him to
the Keller police station, where appellant refused to provide a breath specimen
to determine his blood alcohol content.   









On cross-examination by appellant=s
counsel, Lieutenant Enckhausen testified that the HGN test is eighty-seven
percent accurate to show that an individual has a blood alcohol content above
.08 when the officer correctly discovers four of six Aclues@ used in
the test.  He also testified that
optokinetic nystagmus, which can be caused by the effect on eyes from light
sources, does not impact an HGN test.  He
then stated that the result of appellant=s HGN
test, combined with appellant=s odor
of alcohol and the level of appellant=s
cooperation, indicated to him that appellant was intoxicated.

The parties rested and closed and counsel
presented closing arguments.  After the
jury deliberated for less than twenty minutes, they found appellant guilty, and
the trial court sentenced him to 120 days=
confinement (probated for a period of two years), ordered him to submit to an
alcohol evaluation and perform community service, and assessed a $750
fine.  Appellant filed a notice of this
appeal. 

Lieutenant Enckhausen=s
Testimony

In appellant=s two
points, he contends that his conviction was based on misleading testimony by
Lieutenant Enckhausen.  While the two
points regard different portions of the testimony, they address the same legal
complaint; therefore, we will address the points together.








Appellant specifically contends that Lieutenant
Enckhausen provided misleading testimony by (1) indicating that there was a
correlation between the results of an HGN test and blood alcohol content, (2)
testifying about optokinetic nystagmus, which is outside his area of expertise,
and (3) allegedly implying that HGN tests never give Afalse
positives.@ 
To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State,
138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
AExcept
for complaints involving systemic (or absolute) requirements, or rights that
are waivable only, . . . all other complaints, whether constitutional,
statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).@  Mendez, 138 S.W.3d at 342. 








The Texas Court of Criminal Appeals has Aconsistently
held that the failure to object in a timely and specific manner during trial
forfeits complaints about the admissibility of evidence.@  Saldano v. State, 70 S.W.3d 873, 889
(Tex. Crim. App. 2002); see also Johnson v. State, 878 S.W.2d 164, 167
(Tex. Crim. App. 1994) (stating that it is Aaxiomatic
that in order to preserve an error in the admission of evidence for appellate
review, a defendant must make a timely objection@).  Error may not be predicated on the admission
of testimony unless Aa timely objection or motion to
strike appears of record, stating the specific ground of objection.@  Tex. R. Evid. 103(a)(1); see Capps v.
State, 244 S.W.3d 520, 528 (Tex. App.CFort
Worth 2007, pet. ref=d) (holding that complaints
about testimony were waived when no trial objection was made).  An objection should be made Aas soon
as the ground for [the] objection becomes apparent.  If a defendant fails to object until after an
objectionable question has been asked and answered, and he can show no
legitimate reason to justify the delay, his objection is untimely and error is
waived.@  Lagrone v. State, 942 S.W.2d 602, 618
(Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997) (citation omitted).

Our review of the record indicates that appellant
failed to make any objection to the portions of Lieutenant Enckhausen=s
testimony that he now complains about in his two points; he therefore clearly
forfeited these complaints.  Thus, we
overrule both of appellant=s
points.[3]

 

 

 

 

 








Conclusion

Having overruled both of appellant=s
points, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, WALKER, and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  December 18, 2008











[1]See Tex. R. App. P. 47.4.





[2]Lieutenant Enckausen
stated that the HGN test, which looks for clues of involuntary eye Ajerking@ while an individual
looks to his sides, is used throughout the United States.  He explained the specific procedures used in
the test, though these procedures are not relevant to the issues raised in this
appeal.  For a further explanation of the
HGN test and the admissibility of its results, see Emerson v. State, 880
S.W.2d 759, 762B70 (Tex. Crim. App.), cert.
denied, 513 U.S. 931 (1994).

 





[3]We note that the State
was not responsible for Lieutenant Enckhausen=s testimony on the
matters complained about; rather, appellant=s counsel developed the testimony on
cross-examination.  A defendant cannot @be heard to complain of
testimony he elicited by his own cross‑examination.@  Stephens v. State, 522 S.W.2d 924, 927
(Tex. Crim. App. 1975).