

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-055-CR

MARTIN MUNANU KARIUKI                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Martin Munanu Kariuki appeals his conviction for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). In two points, appellant contends that the jury's verdict was based on misleading testimony regarding standardized field sobriety testing. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

**Background Facts**

On February 8, 2007, the Tarrant County District Attorney's Office filed an information charging appellant with driving while intoxicated. Before appellant's trial began in November 2007, he entered a plea of not guilty. Following the voir dire examination of the jury panel, the trial court's swearing of the jury, and the State's opening argument, the State called the trial's only witness—Keller Police Department Lieutenant Robert Enckhausen.

Lieutenant Enckhausen, who had worked for the Keller Police Department for thirteen years at the time of trial, briefly recited his career background and explained that he had been specially trained in standardized field sobriety testing. He then testified to the following facts.

In the early morning of December 8, 2006, Lieutenant Enckhausen saw a Jaguar ahead of him traveling very fast and weaving in and out of traffic. After stopping in the middle of an intersection, the Jaguar went north in a southbound lane and made an illegal turn. Lieutenant Enckhausen turned on the overhead lights of his patrol car, and the Jaguar pulled into a gas station parking lot, stopping in the middle of two parking spaces. While identifying appellant as the driver, Lieutenant Enckhausen noticed that appellant's eyes were bloodshot and watery. Appellant stated that he had been at a bar but that he drank only one beer.

2

As appellant came out of the car, he swayed, slurred his words, and smelled like alcohol. Based on these conditions, Lieutenant Enckhausen decided to conduct standardized field sobriety tests. After completing the horizontal gaze nystagmus (HGN) test,[2] Lieutenant Enckhausen attempted to complete the other standardized tests (the walk-and-turn test and the one-leg-stand test), but appellant refused to participate. Upon concluding that appellant was intoxicated, Lieutenant Enckhausen arrested him and took him to the Keller police station, where appellant refused to provide a breath specimen to determine his blood alcohol content.

On cross-examination by appellant's counsel, Lieutenant Enckhausen testified that the HGN test is eighty-seven percent accurate to show that an individual has a blood alcohol content above .08 when the officer correctly discovers four of six "clues" used in the test. He also testified that optokinetic nystagmus, which can be caused by the effect on eyes from light sources, does not impact an HGN test. He then stated that the result of appellant's HGN test,

---

[2] Lieutenant Enckausen stated that the HGN test, which looks for clues of involuntary eye "jerking" while an individual looks to his sides, is used throughout the United States. He explained the specific procedures used in the test, though these procedures are not relevant to the issues raised in this appeal. For a further explanation of the HGN test and the admissibility of its results, see *Emerson v. State*, 880 S.W.2d 759, 762–70 (Tex. Crim. App.), *cert. denied*, 513 U.S. 931 (1994).

combined with appellant's odor of alcohol and the level of appellant's cooperation, indicated to him that appellant was intoxicated.

The parties rested and closed and counsel presented closing arguments. After the jury deliberated for less than twenty minutes, they found appellant guilty, and the trial court sentenced him to 120 days' confinement (probated for a period of two years), ordered him to submit to an alcohol evaluation and perform community service, and assessed a $750 fine. Appellant filed a notice of this appeal.

## Lieutenant Enckhausen's Testimony

In appellant's two points, he contends that his conviction was based on misleading testimony by Lieutenant Enckhausen. While the two points regard different portions of the testimony, they address the same legal complaint; therefore, we will address the points together.

Appellant specifically contends that Lieutenant Enckhausen provided misleading testimony by (1) indicating that there was a correlation between the results of an HGN test and blood alcohol content, (2) testifying about optokinetic nystagmus, which is outside his area of expertise, and (3) allegedly implying that HGN tests never give "false positives." To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if

4

they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez*, 138 S.W.3d at 342.

The Texas Court of Criminal Appeals has "consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002); *see also Johnson v. State*, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994) (stating that it is "axiomatic that in order to preserve an error in the admission of evidence for appellate review, a defendant must make a timely objection"). Error may not be predicated on the admission of testimony unless "a timely objection or motion to strike appears of record, stating the specific ground of objection." Tex. R. Evid. 103(a)(1); *see Capps v. State*, 244 S.W.3d 520, 528 (Tex. App.—Fort Worth 2007, pet. ref'd)

5

(holding that complaints about testimony were waived when no trial objection was made). An objection should be made "as soon as the ground for [the] objection becomes apparent. If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997) (citation omitted).

Our review of the record indicates that appellant failed to make any objection to the portions of Lieutenant Enckhausen's testimony that he now complains about in his two points; he therefore clearly forfeited these complaints. Thus, we overrule both of appellant's points.[3]

---

[3] We note that the State was not responsible for Lieutenant Enckhausen's testimony on the matters complained about; rather, appellant's counsel developed the testimony on cross-examination. A defendant cannot "be heard to complain of testimony he elicited by his own cross-examination." *Stephens v. State*, 522 S.W.2d 924, 927 (Tex. Crim. App. 1975).

**Conclusion**

Having overruled both of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 18, 2008