**Opinion issued February 6, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00038-CR

————————————

**JOHN HOUSTON WELLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1503786**

---

## MEMORANDUM OPINION

A jury convicted appellant, John Houston Wells, of aggravated robbery, and the trial court, after finding an enhancement paragraph "true," assessed appellant's punishment at 40 years' confinement. In his sole issue on appeal, appellant

contends that the trial court erred in admitting evidence of an extraneous bad act at punishment. We affirm.

## BACKGROUND

A jury convicted appellant of aggravated robbery based on a home invasion, during which three men armed with pistols demanded entry to the complainants' home. While inside, the assailants took the complainants' cell phones and wallets, as well as $20,000 they found hidden in a closet. The assailants also pistol-whipped one complainant and threatened to sexually assault another. During the subsequent police investigation, appellant's fingerprints were discovered on a Playstation game console inside the residence. Based on this information, the police prepared a photospread and one of the complainants positively identified appellant, both from the photospread and at trial.

After the jury found appellant guilty, punishment was tried to the court. Appellant pleaded true to an enhancement alleging that he had previously been convicted of burglary of a habitation in 2011 and had served three years in prison. The parties stipulated that, in 2010, appellant was sentenced to 75 days in county jail for unlawfully carrying a weapon, and, in 2013, he was sentenced to one year in state jail for attempted possession of a firearm.

At the punishment hearing, appellant called his mother to testify on his behalf. During cross-examination, the prosecutor asked his mother about the

details of her son's prior convictions. She explained that her son started carrying a weapon, even though he was prohibited by law from doing so, when he was involved in a shooting in 2009. The following exchange then took place between appellant's mother and the prosecutor:

[Prosecutor]: And prior to being convicted of his aggravated robbery, you're aware that he was—before he was arrested for this aggravated robbery, he was actually on bond for another aggravated robbery?

[Mother]: Yes, yes.

[Prosecutor]: Is that correct?

[Mother]: That's true.

[Prosecutor]: Okay. So sometime in 2014, there is an aggravated robbery and he makes bond for that; is that correct?

[Mother]: That's correct. He made bond.

[Prosecutor]: Did you help him make that bond?

[Mother]: Of course I did. I'm his mother.

[Prosecutor]: And then he was charged with the aggravated robbery that he was just convicted of and he again made bond; is that correct?

[Mother]: Yes, he did.

[Defense Counsel]: Judge, I'm going to object at this time. What the State is trying to do at this time, Judge, is backdoor some pending cases where Mr. Wells has been charged but has not been convicted of at all. He's trying to backdoor it through this witness. I think that's highly improper.

The Court cannot consider those things unless they prove it beyond a reasonable doubt, and they have no witnesses to come testify about

3

any of that stuff, Judge. So I object to the State bringing up those pending cases.

[Trial Court]: The Court's well aware of what it can and cannot consider, Mr. Brown. Your objection is overruled.

## ADMISSION OF EXTRANEOUS OFFENSE AT PUNISHMENT

In his sole issue on appeal, appellant contends that "[t]he trial court erred in admitting evidence of an extraneous bad act over object at the punishment stage of the trial." Specifically, appellant argues that "[c]learly the extraneous aggravated robbery charge was inadmissible" because "[t]he State put on no evidence to support the charge."

### *Standard of Review*

We review a trial court's decision to admit extraneous offense evidence during the punishment phase of trial under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996) (internal quotations omitted). We will uphold a trial court's evidentiary ruling if it

is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Article 37.07 of the Code of Criminal Procedure provides that during the punishment phase of trial, evidence as to any matter deemed relevant to sentencing may be admitted, including evidence of an extraneous offense shown beyond a reasonable doubt to have been committed by the defendant. TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1). Evidence is relevant to sentencing if it is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). This includes but is not limited to evidence regarding an extraneous crime or bad act for which the defendant could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1). Prior crimes or bad acts are introduced to provide additional information that the jury may consider in determining what sentence the defendant should receive. *Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999).

***Preservation of Error***

The State responds that appellant waived error by failing to make a timely objection. We agree. To preserve error for appellate review, an appellant is ordinarily required to make a timely request, objection, or motion to the trial court

stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of his complaint. *See* TEX. R. APP. P. 33.1(a)(1). An objection is timely if raised as soon as the ground for the objection becomes apparent; otherwise the matter is forfeited. *Johnson v. State*, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994). In other words, the objection must be made at the earliest possible opportunity. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Here, the Prosecutor asked five questions about the pending charge, which the Mother answered, before defense counsel ever lodged an objection. Because the objection was not made at the "earliest possible opportunity," the issue complained of on appeal was forfeited. *See Johnson*, 878 S.W.3d at 167; *see also Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) ("If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived.").

Accordingly, we overrule appellant's sole issue on appeal.

# CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).