

# NUMBERS 13-15-00153-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSHUA ECHUALA BRADLEY,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 144th District Court
### of Bexar County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**[1]

Appellant Joshua Echuala Bradley appeals his conviction for three counts of

aggravated sexual assault of a child, a first-degree felony.   *See* TEX. PENAL CODE ANN. §

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Fourth Court of Appeals in San Antonio.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.)

22.021 (West, Westlaw through 2015 R.S.). A jury found appellant guilty on each count, and the trial court sentenced him to three concurrent sentences of forty-five years' imprisonment with the Texas Department of Criminal Justice—Institutional Division. By two issues, appellant argues that the trial court erred by allowing inadmissible hearsay testimony. We affirm.

## I. BACKGROUND

The complainant, D.V.[2], went to a house-party with her girlfriend and two boys. At the party, the two boys were involved in a fight with several unidentified men. She and her friend left the house and walked down the street with the two boys. A car pulled up next to them with five men who had been involved in the fight at the party, including appellant. The complainant ran away, but appellant caught her from behind as she attempted to jump over a fence. Appellant threatened to take her back to his "homeboys" if she did not comply with his demands. He also threatened to hit her if she did not do what he wanted. Appellant then sexually assaulted the complainant. Once appellant finished, the complainant ran to a stranger's house and called her girlfriend.

The complainant's mother called the police. The complainant went to the hospital for a physical examination. Approximately one week later, the complainant went to the police station and identified appellant in a photo lineup as the man who sexually assaulted her. The State charged appellant with three counts of aggravated sexual assault of a child. A jury found appellant guilty, and this appeal ensued.

## II. DISCUSSION

_____

[2] Due to the age of the child complainant, we will refer to her by pseudonym only.

By his first issue, appellant argues that the trial court erred by allowing hearsay testimony from a forensic nurse in violation of Texas Rule of Evidence 801. By his second issue, appellant argues that the trial court allowed "backdoor hearsay" through a detective's testimony regarding complainant's identification of appellant.

## A.    Standard of Review

The admissibility of an out-of-court statement under the exceptions to the general hearsay exclusion rule is within the trial court's discretion. *Zuliani v. State*, 97 S.W3d 589, 595 (Tex. Crim. App. 2003) (citing *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995)). We will not reverse the trial court's ruling unless it falls outside the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *see Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (holding trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree"). In applying the abuse of discretion standard, we may not reverse a trial court's admissibility decision solely because we disagree with it. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## B.  Analysis

### 1.  The Forensic Nurse's Testimony

Appellant's first issue challenges the admission of forensic nurse Mary Leblond's testimony—after appellant's objection—regarding the complainant's medical history.

3

According to appellant, her hearsay testimony should have been excluded under the Texas Rules of Evidence.

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered into evidence to prove the truth of the matter asserted. *Zuilani*, 97 S.W.3d at 595 (citing TEX. R. EVID. 801(d)). In order for hearsay to be admissible, it must fit into an exception provided by a statute or the rules of evidence. *Id.* (citing TEX. R. EVID. 802). One such exception is Rule 803(4), which allows "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." TEX. R. EVID. 803(4). The rationale behind the exception focuses on the patient and relies on the patient's strong motive to tell the truth because diagnosis or treatment will depend in part on the patient's statements. *See Taylor v. State*, 286 S.W.3d 571, 580 (Tex. Crim. App. 2008) (citing *United States v. Iron Shell*, 633 F.2d 77 (8th Cir.1980)); *see also White v. Illinois*, 502 U.S. 346, 356 (1992).

Leblond testified that she is an emergency room nurse and sexual assault nurse examiner who treated the complainant after the alleged sexual assault. According to Leblond, the purpose of asking a patient for their medical history is "to ask them in their own words [to] describe what happened to them." Leblond explained that a patient's story will aid the medical staff with treatment. When asked what medical history the complainant gave, Leblond testified:

> She said that she had been grabbed by this gentlemen, pushed on—into a room and then also onto the back of an air conditioning duct and he—he—

4

what she said, pulled her hair, threatened her, and then also said that he want—and he wanted—told me to hit him—or hit me if I didn't do what he said. And so there's a lot of the history that we take and then a lot of I's not pertinent to the medical diagnosis so if you see its dot-dot-dot. So, he kept saying—I kept saying, No, don't do this, why are you doing this to me? And then he—she said he put it—he did it.

Having reviewed the record, we conclude the trial court's ruling admitting Leblond's testimony was not so clearly wrong as to lie outside the zone within which reasonable people might disagree. *See Green v. State,* 191 S.W.3d 888, 896 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also Little v. State*, No. 04–08–00723–CR, 2009 WL 2882932, at *2 (Tex. App.—San Antonio 2009, no pet.) (mem. op., not designated for publication) (holding admission of SANE report was not an abuse of discretion). The complainant gave her statement to Leblond in the initial stage of treatment and diagnosis following an alleged sexual assault. Leblond explained how the history guides her examination and the reasons the history was pertinent to her medical examination. *See Taylor*, 268 S.W.3d at 589. In the context of a medical examination, even children of a certain age or maturity are aware of the need for truthfully answering a medical professional's questions so they receive proper care. *See id.* Accordingly, the trial court did not abuse its discretion by admitting LaBlonde's testimony.

### 2. The Detective's Testimony

Appellant's second issue pertains to Detective Duane Vargas's testimony regarding the complainant's identification of appellant.[3] Appellant argues that the trial court "admitted 'backdoor hearsay' by allowing the detective [Vargas] to testify that the

---

[3] Appellant does not identify the detective in his brief. However, the record reveals that appellant raised a hearsay objection during Detective Vargas's testimony.

name 'Black' was tied to [a]ppellant by stating he was identified in a line-up and through records."   Appellant did not preserve this issue for review on appeal.

Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.   *See Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (citing *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 2007)). To preserve error, an appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling.   TEX. R. APP. P. 33.1(a); *see Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).   An objection is timely if it is raised as soon as the ground of objection becomes apparent.   *Johnson v. State*, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994); *see Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).

Appellant's hearsay objection came after Detective Vargas answered several of the State's questions asking whether the complainant provided a name of the person who allegedly assaulted her.   Detective Vargas testified, without objection, that the complainant "said it was a guy named 'Black' that she'd met."   Two questions later, appellant lodged an untimely hearsay objection.   Although appellant complains that the admission of Detective Vargas's testimony was in error, the trial court granted appellant's later hearsay objections.   To the extent appellant complains that the trial court was obligated to exclude hearsay testimony made without objection, we note the trial court was under no duty to sua sponte exclude evidence.

3. **Summary**

6

We hold that nurse Leblond's testimony was given for the purposes of medical diagnosis; permitted by rule 803(4).   *See Taylor,* 286 S.W.3d at 580.   We further hold that appellant's objections to Detective Vargas's statements were untimely and, therefore, unpreserved.   *See Johnson,* 878 S.W.2d at 167.   Appellant's issues are overruled.

### III.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of September, 2016.